UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAYLOR ENERGY COMPANY LLC,** * | CIVIL ACTION NO.: | 2:18-CV-14046 c/w 2:18-CV-14051 |
| **Plaintiff** * | | |
| | JUDGE: IVAN L. R. LEMELLE | |
| Versus * | | |
| **CAPTAIN KRISTI M. LUTTRELL,** * | MAG. JUDGE MICHAEL NORTH | |
| **IN HER OFFICIAL CAPACITY AS** | | |
| **FEDERAL ON-SCENE COORDINATOR** * | REFERS TO: 18-14051 | |
| **FOR THE MC20 UNIFIED COMMAND,** | | |
| **and THE UNITED STATES OF AMERICA,** * | | |
| **ACTING BY AND THROUGH THE** | | |
| **UNITED STATES COAST GUARD,** * | | |
| **Defendant** * | | |

## OPPOSITION TO TAYLOR ENERGY'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM REGARDING RECENTLY ACQUIRED EVIDENCE

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Couvillion Group, LLC ("Couvillion"), who respectfully submits this Opposition to Plaintiff, Taylor Energy Company LLC ("Taylor Energy") Motion for Leave to File Supplemental Memorandum Regarding Recently Acquired Evidence in Opposition to Couvillion's Motion to Dismiss Under Rule 12(b).

Taylor Energy's Motion for Leave to File Supplemental Memorandum should be denied for the following reasons: (1) Couvillion's 12(b) motion is a facial attack on the allegations contained in Taylor Energy's Complaint and the documents attached thereto, and Taylor Energy's Supplemental Memorandum represents a self-serving attempt to defeat Couvillion's motion with inadmissible and irrelevant evidence; (2) the "Facility Incident Reports," attached as Exhibits to Taylor Energy's Motion for Leave and prepared by Taylor Energy's contractor, do not constitute the kind of facts that may be judicially noticed under Federal Rules of Evidence 201; and (3) Taylor Energy's Supplemental Memorandum is untimely.

As detailed at length in Couvillion's briefing on its Motion to Dismiss, Taylor Energy's Complaint fails to establish the constitutional requisite elements of standing and ripeness to

survive dismissal under Rule 12(b)(1).  Taylor Energy attempts to cure this fatal flaw, once again, by submitting "Facility Incident Reports" prepared by Taylor Energy's own retained contractor, Witt O'Brien.  However, Couvillion's Rule 12(b)(1) challenge is a facial attack on Taylor Energy's Complaint, and thus, does not require the Court's review of evidence outside of the Complaint and the documents attached thereto.  Moreover, these reports do not change the hypothetical and speculative nature of Taylor Energy's claim, or create a cause of action that would entitle Taylor Energy to relief.

Moreover, the "Facility Incident Reports" prepared by Taylor Energy's contractor do not constitute the kind of facts that may be judicially noticed under Federal Rules of Evidence 201.  Federal Rule of Evidence 201, states, in pertinent part:

> (a) **Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b) **Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> *(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.[1]*

Pursuant to Federal Rule of Evidence 201, a court is "entitled to take judicial notice of adjudicative facts from reliable sources 'whose accuracy cannot reasonably be questioned.'"[2] While judicial notice may be appropriate for public records and reports of administrative bodies that are not subject to reasonable dispute, ***the Court may not take judicial notice of documents filed with an administrative agency to prove the truth of the contents of the documents***.[3] The comments made by third parties that are included in documents filed with an administrative

---

[1] *See* Federal Rule of Evidence 201. (Emphasis added).
[2] *See Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1018, n. 1 (5 Cir. 2012).
[3] *See Rocky Mountain Farmers Union v. Goldstene*, 843 F. Supp. 2d 1042, 1053 (E.D. Cal. 2011), *aff'd sub nom. Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070 (9th Cir. 2013).

agency are subject to hearsay objections, and do not rise to the "high degree of indisputability" required for judicial notice for their truth.[4]

Here, Taylor Energy is requesting that the Court take judicial notice of its "Facility Incident Reports" to prove the truth of the contents of the documents. This is improper and wholly inappropriate. While the "Facility Incident Reports" are submitted to the National Response Center, they do not constitute the type of public record proper for judicial notice, as the information contained within the reports are reasonably disputed and are subject to hearsay objections. Specifically, the "Facility Incident Reports" were prepared by Taylor Energy's retained contractor and third party, Witt O'Brien, and then submitted by Taylor Energy, the Responsible Party, to the National Response Center. As such, these reports contain information that is clearly subject to hearsay objection. Moreover, as evidenced by the National Response Center's own website, "[t]he spreadsheets posted to the NRC website contain INITIAL incident data that has not been validated or investigated by a federal/state response agency."[5]

Furthermore, the accuracy of Taylor Energy's contractor's assessment of the volume of oil leaking at this site has been critically attacked by multiple scientists, including those, who unlike Taylor Energy, have no monetary interest linked to the calculation of this oil leak. Taylor Energy's Supplemental Memorandum, once again, exemplifies an unconvincing attempt to utilize its own "scientific" data to taint the public opinion of those charged with containing the oil under the auspice of environmental concern.

While the Facility Incident Reports may be publicly filed, the source of the information and the accuracy of the assessment of the volume of oil reported in the reports are wholly disputed and reasonably questioned by multiple sources. As such, contrary to Taylor Energy's argument,

---

[4] *See id.*, *citing Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir.2006); *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354–55 (7th Cir.1995) (court properly refused to take judicial notice of corporation's SEC form to determine disputed fact because "its contents were subject to dispute").
[5] *See* www.nrc.uscg.mil.

the "Facility Incident Reports" are not proper for judicial notice, and the Court should deny Taylor Energy's request that the Court take judicial notice of these reports.

Lastly, Taylor Energy's Supplemental Memorandum is untimely. The submission date for Couvillion's Motion to Dismiss was February 27, 2019. Additionally, at the oral argument on Couvillion's Motion to Dismiss, the Court provided the parties until March 6, 2019 to file any supplemental briefing on Couvillion's Motion to Dismiss.[6] As Taylor Energy's Motion for Leave to File Supplemental Briefing was filed on March 15, 2019, it is untimely and must be denied by the Court. Accordingly, for the foregoing reasons, the Court should deny Taylor Energy's Motion for Leave to File Supplemental Memorandum in Opposition to Couvillion Group, LLC's Motion to Dismiss Under Rule 12(b).

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Lauren A. Guichard*
**PATRICK J. McSHANE (#19055)**
**DANICA BENBOW DENNY (#27376)**
**KATHLEEN P. RICE (#31291)**
**LAUREN A. GUICHARD (#35800)**
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504)599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
ddenny@frilot.com
krice@frilot.com
lguichard@frilot.com
**Counsel for Defendant, Couvillion Group, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel via the Court's ECF filing system this 15th day of March, 2019.

*/s/ Lauren A. Guichard*

---

[6] *See* Rec. Doc. 48.

4