UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC,<br><br>    Plaintiff,<br><br>VERSUS<br><br>CAPTAIN KRISTI M. LUTTRELL, IN HER OFFICIAL CAPACITY AS FEDERAL ON-SCENE COORDINATOR FOR THE MC20 UNIFIED COMMAND, and THE UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES COAST GUARD,<br><br>    Defendants | CIVIL ACTION<br><br>NO.:    18-14046 c/w<br>           18-14051<br><br>Refers to:  18-14046<br><br>SECTION:  B(5)<br><br>JUDGE:  LEMELLE<br><br>MAGISTRATE:  NORTH |

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL, MOTION FOR EVIDENTIARY HEARING, AND
ALTERNATIVE MOTION FOR EXPEDITED DISCOVERY**

Taylor Energy Company LLC ("Taylor Energy"), through undersigned counsel, respectfully submits this memorandum in support of its Motion to Compel, Motion for Evidentiary Hearing, and Alternative Motion for Expedited Discovery. For the reasons discussed below, this Honorable Court should: (1) compel the oral depositions of Healthy Gulf and Scott Eustis, (2) convert the oral argument on Healthy Gulf's Motion to Intervene (Rec. Doc. 54) scheduled for April 24, 2019 to an evidentiary hearing, and (3) to the extent necessary, enter an order allowing for expedited discovery. Notably, Taylor Energy should be entitled to conduct limited and targeted discovery in connection with the factual allegations and evidence submitted in connection with Healthy Gulf's Motion to Intervene, and at the very least, present evidence in opposition at the hearing on Healthy Gulf's Motion to Intervene scheduled for April 24, 2019. Indeed, Healthy Gulf submitted a Declaration (Rec. Doc. 54-3) in connection with its Motion to Intervene, and the law

{N3797321.1}

and justice warrant limited discovery and/or an evidentiary hearing so that Taylor Energy may properly traverse such evidence and oppose Healthy Gulf's Motion to Intervene. Taylor Energy's Motion to Compel, Motion for Evidentiary Hearing, and Alternative Motion for Expedited Discovery should be granted.

## Relevant Background Facts

On December 20, 2018, Taylor Energy filed the instant lawsuit against the United States Coast Guard and the Federal On-Scene Coordinator for the MC-20 Unified Command, Captain Luttrell, seeking to vacate Administrative Order No. 19-001 issued by the Coast Guard on October 23, 2018. On March 15, 2019, Healthy Gulf filed a Motion to Intervene (Rec. Doc. 54), accompanied by a Memorandum in Support, a Proposed Answer in Intervention, the Declaration of Scott Eustis, and a Notice of Submission for the next available submission date of April 3, 2019. On March 19, 2019, the Court issued an Order setting oral argument on Healthy Gulf's Motion to Intervene for April 3, 2019 (Rec. Doc. 59).

In light of the factual assertions set forth in its intervention filings, and the alleged evidence submitted in connection therewith (namely the Declaration of Scott Eustis), on March 18, Taylor Energy issued Notices of Deposition for the depositions of Scott Eustis and the 30(b)(6) deposition of Healthy Gulf. *See* Exhibit "A."[1] These Notices of Deposition were also served on counsel for Capt. Luttrell, the Coast Guard and Couvillion. *See* Exhibit "C." Counsel for Capt. Luttrell, the Coast Guard and Couvillion did not object to or otherwise take a position with respect to Taylor

---

[1] Healthy Gulf's draft intervention filings sent to counsel for Taylor Energy in connection with its request for consent to intervene contained a Declaration of Mary Mysing-Gubala. *See* Exhibit "B." Therefore, in its early correspondence to Healthy Gulf's counsel, Taylor Energy's counsel requested deposition dates for Ms. Mysing-Gubala, Mr. Eustis, and the 30(b)(6) of Healthy Gulf. *See* Exhibit "A" at March 15, 2019 10:40 AM email. But, because the Declaration of Ms. Mysing-Gubala was ***not*** included in Healthy Gulf's actual filings, Taylor Energy did not notice the deposition of Ms. Mysing-Gubala.

Energy's Notices of Deposition.[2]  Counsel for Healthy Gulf and counsel for Taylor Energy exchanged various emails related the limited discovery that Taylor Energy sought as the parties disagreed with respect to Taylor Energy's entitlement to conduct such discovery. *See, e.g.,* Exhibit "A."

So as to afford Taylor Energy an opportunity to adequately oppose Healthy Gulf's Motion to Intervene and also to give the parties sufficient time to attempt amicable resolution of whether Taylor Energy is entitled to conduct limited and targeted discovery of Healthy Gulf and of Mr. Eustis concerning his Declaration in advance of the Court's consideration of the Motion to Intervene, Taylor Energy filed a consent motion to continue the submission date and oral argument (Rec. Doc. 60).  The Court issued an Order granting said motion and re-setting the hearing on Healthy Gulf's Motion to Intervene for April 24, 2019 (Rec. Doc. 63).

In light of the agreement to continue the submission date and hearing on Healthy Gulf's Motion to Intervene, on March 22, 2019, counsel for Taylor Energy notified all counsel of record that it "would like to postpone these depositions in hopes that we can meet and confer with counsel and reach an amicable solution with respect to conducting limited discovery."  *See* Exhibit "D." Thereafter, counsel for Taylor Energy contacted local counsel for Healthy Gulf in hopes of setting up an in-person meeting to confer regarding the discovery dispute.  *See* Exhibit "E."  Counsel for Healthy Gulf instead suggested a telephone conference being that the counsel who would be handling this issue are not local, and such telephone conference took place on March 26, 2019. Following this "meet and confer," counsel for Taylor Energy provided counsel for Healthy Gulf

---

[2] It is also relevant to note that to date, Taylor Energy is not aware of these parties' positions with respect to Healthy Gulf's Motion to Intervene.

with various legal authorities that support its entitlement to conduct limited discovery. *See* Exhibit "F" at March 27, 2019 1:07 PM email.

In light of this apparent difference of opinions and in an effort to have this matter resolved efficiently and so as to not further delay the hearing on Healthy Gulf's Motion to Intervene, Taylor Energy re-noticed the depositions of Healthy Gulf and Mr. Eustis. *See* Exhibit "G" and Exhibit "H." To date, Taylor Energy has successfully served a deposition subpoena on Healthy Gulf through its counsel of record, and has attempted to serve Mr. Eustis with a deposition subpoena on two occasions. Healthy Gulf has requested the withdrawal of the subpoenas on the basis that the attempted discovery is allegedly procedurally defective and that discovery in the context of a motion to intervene allegedly is not warranted. As set forth below, Taylor Energy disagrees on both accounts, and seeks a ruling from this Honorable Court regarding its right to engage in limited and targeted discovery, and at the very least, to be able to present evidence at the April 24, 2019 hearing in opposition to Healthy Gulf's Motion to Intervene.

**Law and Argument**

I. **The Law, Justice and Fundamental Fairness Entitle Taylor Energy to Conduct Limited Discovery With Respect to the Factual Allegations and Evidence Submitted in Support of Healthy Gulf's Motion to Intervene, and at the Very Least, Entitle Taylor Energy to Present Evidence in Opposition to Healthy Gulf's Motion to Intervene at an Evidentiary Hearing.**

Taylor Energy seeks to conduct limited discovery based on the factual assertions set forth in the intervention filings of Healthy Gulf and the evidence submitted in support thereof, namely the Declaration of Scott Eustis. Importantly, Healthy Gulf has submitted *evidence*, and Taylor Energy should be entitled to challenge that evidence by traversing the Declaration of Mr. Eustis,

or at the very least, it should be entitled to offer such evidence at the hearing on Healthy Gulf's Motion to Intervene.[3]  Justice and fundamental fairness so require.

Moreover, jurisprudence supports discovery in connection with a motion to intervene.  In *United States v. Tex. Educ. Agency*, 138 F.R.D. 503, 511 (N.D. Tex. 1991), the court held that discovery relating to the motion to intervene was proper and permissible pursuant to the Federal Rules of Civil Procedure even though the would-be intervenor was not yet a party.  In so holding, the court reasoned that the discovery requests were appropriate because they were aimed at uncovering facts that were essential to ruling on a motion to intervene.  *Tex. Educ. Agency*, 138 F.R.D. at 511.  Other district courts have similarly allowed discovery in relation to a motion to intervene to determine whether the requirements for intervention have been satisfied. For example, one court found that discovery was proper to determine whether the motion to intervene was timely and whether the intervenor had standing.  *Doe v. Sch. Bd. for Santa Rosa Cty.*, No. 3:08cv361/MCR/EMT, 2009 U.S. Dist. LEXIS 137067, at *7 (N.D. Fla. Nov. 23, 2009). Other courts have held that an evidentiary hearing is required before ruling on a motion to intervene to determine whether the inadequate representation requirement was met, that is, whether the issues raised by the intervenor are inadequately represented by the current parties.  *See, e.g.*, *Jones v. Caddo Par. Sch.* Bd., 499 F.2d 914, 917-18 (5th Cir. 1974) (finding that intervenor was entitled to an evidentiary hearing on its motion to intervene and that "other parties should be offered an equal opportunity to present evidence in support of their positions. Due process of law requires no less under the circumstances."); *Adams v. Baldwin Cty. Bd. of Educ.*, 628 F.2d 895, 897 (5th Cir. 1980)

---

[3] To be clear, Taylor Energy should be entitled to conduct the requested limited discovery, and in the case that it is, it should likewise be entitled to offer such evidence into the record.  But, even if Taylor Energy is denied the opportunity to conduct the requested discovery in advance of the hearing, it should be entitled to an evidentiary hearing where it can traverse the evidence submitted by Healthy Gulf and submit evidence opposing the Motion.

(finding that the district court was required to conduct an evidentiary hearing and enter findings based upon an adequate record when deciding intervenor's motion to intervene).[4]

Here, the discovery that Taylor Energy seeks is limited and targeted, and Taylor Energy has no intention of conducting discovery with respect to the merits of its case at this time. Rather, the discovery sought is strictly limited to Healthy Gulf's right to intervene. Courts in the Fifth Circuit have found that to intervene as of right, (1) the application must be timely, (2) the applicant must have an interest which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by a current party. *See Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001); *Keith v. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986). While a district court must allow intervention if each of the four requirements is established, the absence of any one criterion is fatal to a motion to intervene of right. *See id.* Taylor Energy specifically seeks to conduct limited discovery to determine whether the requirements for intervention have been satisfied, and expressly traverse the alleged evidence submitted by Healthy Gulf.

Taylor Energy has repeatedly emphasized the limited nature of the discovery that it seeks, and has offered to work with counsel for Healthy Gulf to develop agreed topics in an effort to allay any concerns of Healthy Gulf and reach some sort of "middle ground." However, Healthy Gulf has taken the position that no discovery whatsoever is appropriate in connection with a Motion to Intervene. The law and justice are clearly to the contrary. At bottom, discovery at this stage is

---

[4] In *Trahan v. Lafayette Par. Sch. Bd.*, 616 F. Supp. 220, 223 (W.D. La. 1985), the court found that an evidentiary hearing was not required on the motion to intervene. The court explained that even though the general rule is that evidentiary hearings are required in desegregation cases, there is an exception when the intervenor's petition makes allegations unrelated to desegregation. This case simply stands for the proposition that an evidentiary hearing is not ***required*** in non-desegregation cases. It does not preclude the court from using its discretion to hold evidentiary hearings in other cases.

appropriate, or at the very least setting an evidentiary hearing, particularly in an instance such as this where alleged evidence has been submitted by way of Mr. Eustis' Declaration.

**II.     Taylor Energy's Efforts to Engage in Discovery Are Not Procedurally Improper Because This is an Administrative Procedure Act Case to Which Typical Discovery Requirements Do Not Apply.**

The instant lawsuit is an Administrative Procedure Act ("APA") case whereby Taylor Energy filed suit against the Coast Guard and the Federal On-Scene Coordinator for the MC-20 Unified Command, Captain Luttrell, seeking to vacate Administrative Order No. 19-001. As such, the typical discovery requirements do not apply. Notably, there is no Rule 26(f) conference requirement, no Rule 26(d) limitation, and no other restriction on the commencement of discovery. The comments to Rule 26 provide in key part:

> The categories of proceedings listed in subdivision (a)(1)(E) [such as administrative record cases] are also exempted from the subdivision (f) conference requirement and from the subdivision (d) moratorium on discovery. **Although there is no restriction on commencement of discovery in these cases, it is not expected that this opportunity will often lead to abuse since there is likely to be little or no discovery in most such cases.** Should a defendant need more time to respond to discovery requests filed at the beginning of an exempted action, it can seek relief by motion under Rule 26(c) if the plaintiff is unwilling to defer the due date by agreement.

(Emphasis added).[5]

In *Young v. Hodge*, No. 3:12-0009, 2012 U.S. Dist. LEXIS 161052, at *1-2 (M.D. Tenn. Nov. 9, 2012), the plaintiff filed a motion to initiate a discovery conference or alternatively to exempt him from Rule 26(f) and give him permission to engage in discovery. The court denied the

---

[5] The categories previously listed in subdivision (a)(1)(E) now appear in subdivision (a)(1)(B).

motion explaining that since Rule 26 did not apply to this type of proceeding pursuant to Rule 26(a)(1)(B), there was no need to request permission to conduct discovery:

> The requirements of Rule 26(f) do not apply to proceedings that are exempted from initial disclosures under Rule 26(a)(1)(B). See Rule 26(f)(1). One such exempted proceeding is an action brought without an attorney by a person in the custody of a state. See Rule 26(a)(1)(B)(iv). Accordingly, Rule 26(f) does not apply to the prisoner plaintiff's pro se action. **There is no need for the Court to exempt the plaintiff from Rule 26(f) as he requests because the rules's requirements do not apply to him, and the plaintiff does not have to be granted leave to engage in discovery.**

*Id.* Similarly, the instant case is precluded from initial disclosures, and Rule 26(f) does not apply. At bottom, Taylor Energy's efforts to engage in limited and targeted discovery (notably the issuance of Notices of Depositions and accompanying subpoenas), is not in violation of the Federal Rules of Civil Procedure[6] because there is no restriction on commencement of discovery in this case, which is based on an administrative record.

---

[6] In its correspondence requesting the withdrawal of the subpoenas, counsel for Healthy Gulf also states that Healthy Gulf's subpoena was served prior to all counsel of record having received the notice of deposition. However, Taylor Energy previously served substantively identical Notices of Deposition, and Taylor Energy merely issued *re-notices* of deposition reflecting a new date once it became apparent that the parties had a fundamental disagreement, and after notifying counsel for Healthy Gulf that it intended to seek relief from the Court after extreme efforts at an amicable resolution failed. Hence, the purpose of the law was fulfilled (notwithstanding that Healthy Gulf was served with the subpoena approximately an hour before the re-notices of deposition were received by all counsel of record), and there was no prejudice to any party. Taylor Energy simply wanted to re-notice the depositions so that it could secure agreeable dates, particularly in light of the fast approaching deadline for Taylor Energy to oppose Healthy Gulf's Motion to Intervene and the fact that Healthy Gulf's counsel are located in California and Washington. *See* Exhibit "I" at April 1, 2019 10:46 PM email. This procedural technicality should not invalidate the subpoena, especially in light of the fact that traditional discovery rules do not apply.

### III. Alternatively, to the Extent that the Court Finds that Rule 26(f) Applies, Good Cause Exists for Expedited Discovery.

Alternatively, to the extent that this Court finds that Rule 26(f) does apply, Taylor Energy hereby moves the Court to promptly convene a pretrial conference with counsel so that the Court can enter a scheduling order that would authorize the commencement of discovery on an expedited basis. Rule 16 gives the Court broad discretion in managing its docket and regulating discovery. Courts also apply a "flexible standard of reasonableness and good cause" in determining whether to grant a party's expedited discovery request. *See, e.g. Digital Sin, Inc. v. Does*, 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (discussing and citing caselaw and 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed. 2011)). "In general, decisions whether to grant or deny leave for early discovery depend on the specified justifications in support of the application. Often, the courts authorize such discovery limited to specific topics advanced to justify the early commencement of discovery." 8A Fed. Prac. & Proc. Civ. at § 2046.1 (3d ed. 2018). Again, as discussed above, such limited discovery is warranted under the law and the circumstances presented in connection with Healthy Gulf's Motion to Intervene. Specifically, the limited discovery that is sought relates directly to Healthy Gulf's Motion to Intervene, and in the interest of justice, fundamental fairness and judicial efficiency, the requested discovery should take place in advance of this Court ruling on the merits of Healthy Gulf's Motion to Intervene.

### Conclusion

For the foregoing reasons, Taylor Energy's Motion to Compel, Motion for Evidentiary Hearing, and Alternative Motion for Expedited Discovery should be granted, and this Honorable Court should: (1) compel the oral depositions of Healthy Gulf and Scott Eustis, (2) convert the oral argument on Healthy Gulf's Motion to Intervene scheduled for April 24, 2019 to an

evidentiary hearing, and (3) to the extent necessary, enter an order allowing for expedited discovery.

Respectfully submitted,

*s/ Lauren C. Mastio*
CARL D. ROSENBLUM, T.A. (#02083)
RICHARD D. BERTRAM (#17881)
ALIDA C. HAINKEL (#24114)
LAUREN C. MASTIO (#33077)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8296
lmastio@joneswalker.com

**Counsel for Taylor Energy Company LLC, Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, 2019 a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

*s/ Lauren C. Mastio*
LAUREN C. MASTIO
