**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | ) | CIVIL ACTION |
| TAYLOR ENERGY COMPANY LLC, | ) | |
| | ) | No.:      18-14046 c/w |
| Plaintiff, | ) | 18-14051 |
| | ) | |
| v. | ) | Refers to:   18-14046 |
| | ) | |
| CAPTAIN KRISTI M. LUTTRELL, et al., | ) | Section:    B(5) |
| | ) | |
| Defendants, | ) | Judge:     Hon. Ivan L. R. Lemelle |
| | ) | |
| HEALTHY GULF, | ) | Magistrate:  Hon. Michael North |
| | ) | |
| Applicant-Intervenor-Defendant. | ) | |
| _____ | ) | |

<u>**HEALTHY GULF'S OPPOSITION TO TAYLOR ENERGY'S MOTION TO COMPEL,**
**MOTION FOR EVIDENTIARY HEARING, AND ALTERNATIVE MOTION FOR**
**EXPEDITED DISCOVERY**</u>

Applicant-Intervenor-Defendant Healthy Gulf opposes Plaintiff Taylor Energy

Company's ("Taylor's") motion to compel depositions, to hold an evidentiary hearing, and, in

the alternative, to expedite discovery.  Mot. Compel, ECF No. 68.  Taylor seeks to transform the

Fifth Circuit's standard of review for motions to intervene from a straightforward judgment on

the pleadings to a complex, trial-like proceeding with discovery, witness testimony, and judicial

findings of fact.  Under the existing standard, courts are to accept well-pleaded allegations in a

motion to intervene as true.  Courts accordingly decide motions to intervene as a matter of course

without providing an opportunity for discovery or evidentiary hearing, absent exceptional

circumstances.  There is no authority for Taylor's proposition that discovery is generally

appropriate and permissible on a motion to intervene.  Nor has Taylor offered any good cause for

the Court to take the extraordinary step of ordering discovery here.  It asserts no reason Healthy

Gulf's allegations should not be accepted as true, and offers no suggestion how any evidence it

hopes to obtain is necessary or even relevant to its response to the motion to intervene.  Rather, Taylor improperly issued subpoenas and deposition notices to Healthy Gulf without the required leave of this Court, in violation of the Federal Rules of Civil Procedure, and now seeks the Court's imprimatur on expansive, irrelevant discovery that not only imposes an undue burden, but also threatens the First Amendment rights of Healthy Gulf and its members.

Healthy Gulf therefore respectfully asks that this Court deny with prejudice Taylor's requests to compel compliance with its subpoenas, hold an evidentiary hearing, and order expedited discovery, none of which is appropriate in adjudicating a motion to intervene.  Healthy Gulf additionally requests the Court to issue any appropriate protective order under Federal Rule of Civil Procedure 26(c) and award Healthy Gulf its reasonable expenses incurred in opposing this motion, including attorney's fees, pursuant to Rule 37(a)(5)(B).

## BACKGROUND

Taylor filed the instant suit against Captain Kristi Luttrell and the United States, acting through the U.S. Coast Guard (collectively, "Coast Guard"), challenging the legality of the Coast Guard's decision to commence actions to contain a 14-year-long oil spill from Taylor's destroyed oil production site.  Compl., ECF No. 1.  Taylor's complaint alleges two legal violations: denial of due process under the Fifth Amendment, *id.* ¶¶ 37, 75–85, 92, and arbitrary and capricious decisionmaking under the Administrative Procedure Act ("APA"), *id.* ¶¶ 37, 87–90, 92, 94.  In a separate lawsuit, Taylor brought multiple common law claims — including trespass and conversion — challenging the participation of an independent third-party (Couvillion Group) in the Coast Guard's containment efforts.  Compl., *Taylor Energy Co. v. Couvillion Group, LLC*, No 2:18-cv-14051 (E.D. La. Dec. 20, 2018), ECF No. 1 [hereinafter "Couvillion Compl."].  This Court consolidated the two lawsuits into the current proceeding. Order (Jan. 14, 2019), ECF No. 22.

2

Neither the Coast Guard nor Couvillion Group has filed an answer in these consolidated cases, nor have the parties conferred under Federal Rule of Civil Procedure 26(f).  Taylor previously filed a motion to expedite the Rule 26(f) conference and discovery in the Couvillion case, which the Court denied.  Order (Jan. 17, 2019), ECF No. 26.  Taylor has since renewed that motion.  Mot. Disc., ECF No. 29.  The Court has yet to rule.

Healthy Gulf, a non-profit organization devoted to empowering people to protect and restore the natural resources of the Gulf of Mexico, timely moved to intervene in the Coast Guard case on March 15, 2019, to protect its and its members' interests in a clean and healthy Gulf of Mexico.  Mot. Intervene, ECF No. 54.  The Court initially set the motion for a hearing on April 3.  Order (Mar. 19, 2019), ECF No. 59.  Healthy Gulf later consented to Taylor's request to continue the submission date to April 24, due to scheduling conflicts of Taylor's attorney.  Mot. Continue, ECF No. 60 ¶ 5.

On March 15 — before Healthy Gulf had filed its motion to intervene — counsel for Taylor requested Healthy Gulf and its proposed declarants to submit to depositions and produce documents under Rule 30(b)(6).  ECF No. 68-2, at 2.  Counsel for Healthy Gulf responded on March 16, asking for clarification on the scope of and basis for the discovery requests.  *Id.* at 1–2.  Taylor's counsel then issued notices to Healthy Gulf and its community science director, Scott Eustis, dated March 18, setting depositions for March 27.  *Id.* at 1; *see* ECF No. 68-4.  The notices sought broad discovery from Healthy Gulf, not only regarding the allegations in its intervention motion, but also "related, in any way," to all factual and legal allegations in Taylor's complaint (as addressed by Healthy Gulf in drafting its proposed answer) and any documents Healthy Gulf may seek to admit on the merits of this case.  ECF No. 68-4, at 7 (specifically requesting information related in any way to the "[Proposed] Answer in Intervention" and on "trial of this matter"); *accord* ECF No. 68-8, at 11 (re-noticed deposition seeking same).

Counsel for Healthy Gulf and Taylor conferred via email and phone on multiple occasions to try to resolve the process and need for seeking discovery.  ECF Nos. 68-6, 68-7.  Healthy Gulf communicated to Taylor each time that it could not consent to depositions before the Federal Rule of Civil Procedure 26(f) conference without either the stipulation of the existing parties or leave of court, as required by Rules 26(d) and 30(a)(2).  *E.g.*, ECF No. 68-7; Ex. 1, attached.  Healthy Gulf also explained that the requested depositions are improper under the Fifth Circuit's standard of review for motions to intervene, providing relevant authorities.  *Id.*

Instead of seeking the Court's leave, Taylor issued subpoenas to Healthy Gulf and Mr. Eustis on March 29, resetting depositions for April 12 and seeking the same broad category of information previously noticed.  ECF Nos. 68-7, 68-8.  Taylor did not provide notice and copies of the subpoenas to the other counsel of record in this case before serving them on Healthy Gulf.  Mem. Support Mot. Compel, ECF No. 68-1, at 8 n.6 [hereinafter "Taylor Mem."]; ECF No. 70-1, at 1–2.  *Contra* ECF No. 68-8, at 4, 10 (signed certificate of service certifying "that a copy of the foregoing was served on all counsel of record by email and U.S. Mail, this 29th day of March, 2019").  Taylor later sent copies of Healthy Gulf's subpoena and Healthy Gulf's and Mr. Eustis's deposition notices to most of the counsel of record in this case, following Healthy Gulf's request for a copy of the documents sent to Mr. Eustis.  ECF Nos. 68-7, 68-8.  After finally receiving a copy of the subpoenas and reviewing Taylor's motion, Couvillion Group sent all parties a letter objecting to the subpoenas as invalid and improper.  Ex. 2, attached.

Counsel for Healthy Gulf sent counsel for Taylor a letter the same day it received the subpoenas, March 29, explaining in detail that the subpoenas and deposition notices violate the Federal Rules of Civil Procedure, and asking Taylor to withdraw the documents.  ECF No. 70-1.  Taylor did not respond to that request, and instead filed the instant motion seeking the Court's

retroactive approval of Taylor's improper discovery tactics.

**ARGUMENT**

A party may ask a court to compel compliance with a discovery request only if "such discovery is relevant and otherwise discoverable." *Landry v. Lafourche Par. Det. Ctr.*, No. CIV.A. 12-2092, 2014 WL 198160, at *4 (E.D. La. Jan. 16, 2014) (citing Fed. R. Civ. P. 37).[1] "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Id.* Taylor has not met that burden, nor are its discovery requests valid or proper under the Federal Rules.

The Federal Rules of Civil Procedure allow parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and prescribe the proper procedures for conducting discovery. Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 30, 45; *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (noting discovery has "ultimate and necessary boundaries"). Taylor declined to follow those procedures and, without obtaining the required leave of this Court, subpoenaed Healthy Gulf to submit to depositions and produce expansive records. The subpoenas and deposition notices therefore are invalid. More fundamentally, the requested discovery is irrelevant to this case and is inappropriate in this context of a motion to intervene, where, under the law of this Circuit, courts are to decide the motion on the pleadings, accepting the movant's well-pleaded allegations as true. Taylor provides no authority or case in which a party has been permitted to conduct such discovery on an applicant for intervention, asserting only that a vague concept of "Law, Justice and Fundamental Fairness" requires as much. Taylor's alternative request for an

---

[1] "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Shumpert v. City of Tupelo*, 905 F.3d 310, 325–26 (5th Cir. 2018) (citation omitted).

evidentiary hearing also has no basis in law and is contrary to the caselaw in this Circuit. Moreover, the requested discovery would impose an undue burden on Healthy Gulf and threaten the First Amendment rights of the organization and its members.

Taylor offers no good cause to order the extraordinary relief of permitting intrusive, expedited discovery on Healthy Gulf before it is even a party to this case. The Court should deny Taylor's motion with prejudice, enter any protective order it deems appropriate, and award Healthy Gulf its reasonable expenses. *See* Rule 37(a)(5)(B).

## I.      Taylor's Subpoenas and Discovery Requests Violate the Federal Rules of Civil Procedure and Are Invalid.

Taylor's subpoenas and deposition notices are invalid and should not be enforced because Taylor issued the documents without first obtaining the required leave of court. Federal Rule of Civil Procedure 30(a)(2)(iii) requires a party to obtain leave of court *before* it may "seek[] to take [a] deposition before the time specified in Rule 26(d)" if all parties have not stipulated to the deposition. Fed. R. Civ. P. 30(a)(2). Rule 26(d) stipulates, "A party may not seek discovery from *any* source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d) (emphasis added). This proceeding is not exempted from initial disclosure under Rule 26(a)(1)(B). No Rule 26(f) conference has occurred. And the parties have not stipulated to early discovery; indeed, Couvillion Group has expressly objected to the noticed depositions as invalid and improper. Ex. 2. Taylor was required to demonstrate to the Court that it had "good cause" to seek expedited discovery of Healthy Gulf and obtain the Court's leave before it could seek depositions. *See St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011). Taylor opted not to do so. Taylor's notice of depositions and issuance of subpoenas

6

without the requisite leave of court violate the Federal Rules and render the documents invalid
and unenforceable.[2]

Taylor is incorrect that this proceeding is exempted under Rule 26(a)(1)(B) simply
because it claims this is an APA case.  *See* Taylor Mem. 7–8 & n.5.  This is not strictly an APA
case.  Taylor's complaint against the Coast Guard alleges a constitutional due process claim in
addition to the APA claim, which may be decided outside the confines of an administrative
record.  *See* Compl., ECF No. 1  ¶¶ 37, 76, 84–85, 92 (asserting Taylor will prove due process
claim "at trial"); *Webster v. Doe*, 486 U.S. 592, 596, 604 (1988) (noting discovery available on
constitutional claim brought alongside APA claim); *see also* Compl. ¶ 4 (asserting jurisdiction
under admiralty and maritime law, and action arising under Oil Pollution Act of 1990, none of
which are necessarily actions for review on administrative record).  Taylor also alleged multiple
common law claims (*i.e.*, non-APA claims) against Couvillion Group in this consolidated
proceeding.  *E.g.*, Couvillion Compl. ¶¶ 44–47, 51.  The presence of the due process claim, as
well as the other causes of action, means this proceeding is not limited to review on the
administrative record and therefore is not exempted under Rule 26(a)(1)(B).  *E.g.*, *A.A. ex rel.
E.A. v. Walled Lake Consol. Sch.*, No. CV 16-14214, 2018 WL 4356651, at *3 (E.D. Mich. Sept.

---

[2] Taylor's subpoena to Healthy Gulf for a Rule 30(b)(6) deposition and production of documents,
ECF No. 68-8, at 8–13, also violates Rule 45(a)(4) because Taylor did not serve it on the other
parties in this case until *after* it had served Healthy Gulf.  *See* Fed. R. Civ. P. 45(a)(4) ("If the
subpoena commands the production of documents, . . . then *before* it is served on the person to
whom it is directed, a notice and a copy of the subpoena must be served on each party."
(emphasis added)).  Although Taylor provided its original deposition notices to the parties, it did
not serve all parties with a copy of its Rule 30(b)(6) *subpoena* as required — including the new
deposition date — before serving it on Healthy Gulf.  *See* Taylor Mem. 8 n.6; ECF No. 70-1.
There is no support for Taylor's assertions that Rule 45 does not apply in this case, that Rule 45
allows for *de minimis* violations, or that a violation of Rule 45 does not invalidate the subpoena.
*See* Taylor Mem. 8 n.6.; *cf. Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir.
2003) (strictly construing Rule 45's prior notice requirement).

12, 2018) (stating exemption inapplicable when complaint alleged claims in addition to those for administrative record review).  In addition, Taylor is expressly asking in its motion for a proceeding on evidence *outside* of the administrative record.  Mot. Compel, ECF No. 68.  Taylor may not simultaneously claim the administrative record review exemption applies while asking the Court to hold a proceeding entirely outside the confines of the administrative record.  *See Walled Lake*, 2018 WL 4356651, at *3 (stating exemption inapplicable when "Plaintiffs have asked the Court to hear additional evidence").

Even if this were strictly an APA case, the exemption in Rule 26 does not apply when the introduction of extra-record evidence is possible.  *E.g.*, *Bruce v. Anthem Ins. Cos.*, 307 F.R.D. 465, 467 (N.D. Tex. 2015); *Invitrogen Corp. v. President & Fellows of Harvard Coll.*, No. 07-cv-0878-JLS(POR), 2007 WL 2915058, at *2 (S.D. Cal. Oct. 4, 2007).  Taylor provides no assurance it will not later seek to introduce extra-record evidence, making it premature to claim the proceeding is exempt.  *See Norvell v. Blue Cross & Blue Shield Ass'n*, No. 1:16-cv-00195-EJL-REB, 2018 WL 4335612, at *5 (D. Idaho Sept. 10, 2018) (staying plaintiff's request for early discovery in APA case because proper course is to determine whether exemption applies "after the administrative record has been filed and vetted"); *Williams v. Roche*, No. CIV. A. 00-1288, 2002 WL 31819158, at *3 (E.D. La. Dec. 12, 2002) (similar).

Under the Federal Rules, a party may not "unilaterally" "opt out" of the discovery restrictions by simply claiming an exemption applies.  Fed R. Civ. P. 26, Advisory Committee notes (also noting, "Case designations made by the parties . . . at the time of filing do not control application of the exemptions").  Were that the case, a party could claim the exemption to obtain early discovery, only to later declare that its claims are not limited to review on the administrative record and introduce evidence outside the administrative record.  Rather, when

there is a question as to the applicability of an exemption, the party claiming the exemption should first seek the court's determination as to the exempted status before taking advantage of that status.  *Id.* (party claiming exemption may "present its objections to the court, which must then determine whether [initial] disclosure should be made" (*i.e.*, whether exemption applies)).

Apart from whether any exemption textually applies to these proceedings, Taylor's efforts here to conduct broad, unrestricted discovery based on its unilateral claim of exemption turns the intent of Rule 26(a)(1)(B) on its head.  The Advisory Committee added the exemptions in Rule 26(a)(B)(1) to memorialize exceptions that courts were already granting in cases "in which there [would] be no discovery" or "in which discovery is rarely needed." *Id.* The Committee did not expect the exemptions would "lead to abuse since there is likely to be little or no discovery in most such cases." *Id.* Taylor is attempting to employ the exemption to obtain broad discovery outside the bounds of the Federal Rules, precisely what the Committee envisioned would not occur.  *See Awan v. Dept. of Justice*, No. 10-1100 (BAH), 2011 WL 2836555, at *1 (D.D.C. July 13, 2011) ("[A]lthough the [Rule 26(a)(1)(B)] exemption . . . textually opens the door to immediate discovery, the same exemption reflects the policy that immediate discovery is likely neither appropriate nor necessary."); *cf.*, *Taylor v. United States*, No. 7:11-CV-268-FL, 2012 WL 5928269, at *7 (E.D.N.C. Nov. 26, 2012) (denying request for deposition in exempted proceeding because discovery under the administrative record review exemption is "appropriately limited to review of the administrative record").

The commands in Rules 26(d) and 30(a)(2) are clear: Taylor must obtain the Court's leave or the stipulation of all parties before seeking discovery prior to the Rule 26(f) conference. It has done neither.  The subpoenas and deposition notices therefore violate the Federal Rules of Civil Procedure.  Subpoenas and other discovery requests that fail to comply with the Federal

Rules' requirements are invalid and should not be enforced. *E.g.*, *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192–93 (1st Cir. 2001) (holding subpoena issued without required leave of court under Fed. R. Civ. P. 30(a)(2) invalid); *In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) (same); *Keller v. Edwards*, 206 F.R.D. 412 (D. Md. 2002) (same). Courts in this District and others have issued protective orders and otherwise denied requests to compel attendance at depositions that fail to comply with the Federal Rules' timing requirements. *E.g.*, *Republic Bus. Credit, LLC v. Greystone & Co*., No. CIV.A. 13-5535, 2013 WL 6388657, at *4–5 (E.D. La. Dec. 6, 2013) (issuing protective order against discovery request propounded before Rule 26(f) conference without leave of court); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 239–40 (S.D.N.Y. 2002) (rejecting alternate request in motion to compel discovery for leave to take deposition because party had improperly sent deposition subpoena without first obtaining court's leave); *cf. SEC v. Life Partners Holdings, Inc.*, No. 1:12-CV-00033-JRN, 2012 WL 12850253, at *4 (W.D. Tex. Aug. 17, 2012) (imposing sanctions on party that deposed non-party before Rule 26(f) conference without leave of court and barring use of deposition); *Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2008 WL 11381380, at *5–6 (D. Kan. Oct. 27, 2008) (imposing sanctions on party for issuing deposition subpoenas before Rule 26(f) conference without leave of court).[3] The Court should do the same here.

Taylor was required by the Federal Rules to obtain the Court's leave before seeking expedited discovery, which would have required demonstrating good cause for the expedited discovery. Instead, it subpoenaed Healthy Gulf and then, only two business days later, asked the Court to compel compliance with its invalid subpoenas and deposition notices. The Court should

---

[3] Healthy Gulf is not seeking sanctions or otherwise alleging unethical conduct.

reject Taylor's improper request to retroactively endorse its discovery requests, issue any necessary protective order, and order Taylor to pay Healthy Gulf its expenses, including attorneys' fees under Rules 26(c) and 37(a)(5)(B).

## II.    Discovery and Evidentiary Hearings Are Inappropriate on a Motion to Intervene.

Even if Taylor's noticed depositions of Healthy Gulf and Mr. Eustis were procedurally proper, they would constitute impermissible and inappropriate discovery.  Under the law of this Circuit, courts decide motions to intervene on the pleadings, "accept[ing] the [movant's] factual allegations as true."  *E.g.*, *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).  Courts accordingly, as a matter of course, decide motions to intervene without providing an opportunity for discovery or evidentiary hearing.  Taylor has not explained why that standard is inapplicable in this case, nor has it alleged any exceptional circumstances warranting the unusual step of requiring discovery or an evidentiary hearing.  Taylor's subpoenas and deposition notices therefore are outside the scope of permissible discovery in this case and should not be enforced. *See* Fed. R. Civ. P. 26(b)(1), (c), 37(a)(5)(B).

A party moving to intervene as of right must plead sufficient facts to show that its motion is timely, it can claim an interest relating to the subject of the action, the action may impair the movant's ability to protect that interest, and the movant's interests may not be adequately represented by the exiting parties.  *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).  "[T]he general rules on testing a pleading" apply when a court is evaluating a motion to intervene.  *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, No. CIV.A.02-1154, 2003 WL 22966373, at *3 (E.D. La. Dec. 11, 2003) (quoting 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1914, at 418 (2d ed. 1986)).  Under those rules, the motion to intervene is construed liberally in favor of the movant and the court accepts as true the factual allegations supporting the motion, absent sham or

frivolity.  *Texas*, 805 F.3d at 657; *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 56 n.2 (5th Cir. 1977); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr. 20, 2010*, No. MDL 2179, 2016 WL 4261762, at *4 (E.D. La. Aug. 12, 2016); *Black & Decker*, 2003 WL 22966373, at *3; 7C Charles A. Wright, Arthur R. Miller, *et al*., Federal Practice and Procedure § 1914, at n.22 (3d ed. 2018); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001) (noting the circuits are "unanimous" in applying this standard, and citing cases).  Courts therefore typically evaluate motions to intervene "on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention."  *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981).

Because courts accept the allegations in a motion to intervene as true, they do not need to make findings of fact.  *Id.*  Courts also may not require movants for intervention to provide any evidence or affidavits supporting the allegations.  *E.g.*, *In re: Deepwater Horizon*, 2016 WL 4261762, at *4 (rejecting argument that prospective intervenor must support allegations with evidence); *Black & Decker*, 2003 WL 22966373, at *3–4 (finding clear error in magistrate judge's opinion that evidence was required to support allegations in motion to intervene); *see also Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 965 (8th Cir. 2018); *CMFG Life Ins. Co. v. Harrison*, No. CV415-287, 2016 WL 6476953, at *1 n.1 (S.D. Ga. Oct. 28, 2016).  When a movant opts to submit a supplemental declaration in support of its motion, as Healthy Gulf did here, the court similarly is to accept the allegations in the declaration as true.[4]  *Berg*, 268 F.3d at 820.  These standards make particular sense given that

---

[4] Healthy Gulf was not required to submit Mr. Eustis's declaration to support its motion to intervene, but did so to provide the Court additional detail to better understand Healthy Gulf's interests in this case.  The Court may disregard Mr. Eustis's declaration, if necessary, and grant Healthy Gulf's motion based solely on the allegations in the motion and supporting memorandum.  *See, e.g.*, *Liddell*, 894 F.3d at 965.

the rule governing intervention as of right "requires only that the applicant *claim an interest* in order to satisfy Rule 24(a)." *Black & Decker*, 2003 WL 22966373, at \*3 (emphasis in original). The movant need not *prove* the interest exists under the intervention standards. *Id.*

Given these standards, there is no need for Taylor to conduct discovery "to determine whether the requirements for intervention have been satisfied." Taylor Mem. 6. Both Taylor and the Court can make that determination by reviewing whether Healthy Gulf's pleadings contain adequate allegations to satisfy the requirements for intervention. *See, e.g.*, *Berg*, 268 F.3d at 820. Likewise, there is no need to provide Taylor any opportunity to "traverse" the allegations or "challenge that evidence," absent a specific claim of sham or frivolity. *See id. Contra* Taylor Mem. 2, 4, 6. Taylor makes no claim Healthy Gulf's or Mr. Eustis's allegations are frivolous or a sham.

Several courts have expressly stated that motions to intervene should be decided without an opportunity for discovery due to the standard of review. *E.g.*, *Berg*, 268 F.3d at 819–20 ("This rule requiring acceptance of the proposed intervenor's well-pleaded allegations makes particular sense where . . . the propriety of intervention must be determined before discovery."). For example, the Fourth Circuit, noting that it must accept allegations in a motion to intervene as true, expressly rejected the proposition that the organizations' representatives or members "must subject themselves to detailed interrogatories" related to the organizations' allegations in support of motion to intervene. *Chesapeake Bay Found. v. Am. Recovery Co.*, 769 F.2d 207, 209 n.\* (4th Cir. 1985). A motion to intervene is similar to a motion to dismiss in this sense: the general rules of testing a pleading apply in both cases, making discovery inappropriate. *See Liddell*, 894 F.3d at 965 (noting motion to intervene assessed under "same standard that we apply in deciding a motion to dismiss"); *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986) (stating movant's

"contention that the district judge should have allowed discovery on his claims before ruling on the motion to intervene is as irrelevant as it would be if made in the context of a motion to dismiss pursuant to Fed. R .Civ. P. 12(b)(6)"); *cf. Rocha v. CCCF Admin.*, 408 F. App'x 141, 144 (10th Cir. 2011) (finding argument "meritless" that discovery is appropriate at motion to dismiss stage where court "test[s] the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true" (alteration in original) (citation omitted)).

Taylor cites no published case allowing discovery on the allegations in a motion to intervene.  The leading civil procedure treatise similarly lists no cases where a court has allowed discovery or even heard evidence on a motion to intervene, positing: "It is conceivable that there might be a case in which testimony and evidence would be helpful to the court but such a case must surely be rare indeed."  7C Charles A. Wright, Arthur R. Miller, *et al*., Federal Practice and Procedure § 1914 (3d ed. 2018) (observing, "Permission to take testimony and present evidence in support of a motion to intervene has been denied" and citing cases); *see, e.g.*, *Sam Fox Pub. Co. v. United States*, 366 U.S. 683, 694 (1961) (holding no hearing on motion to intervene necessary).  Taylor has provided no reason why this is such a "rare" case.  It does not explain how testimony and evidence would be helpful to the court, much less why it should be permitted to go on a fishing expedition to try to uncover such evidence.[5]

Taylor asserts its position is supported by a line of school desegregation cases holding that evidentiary hearings and discovery may be proper when deciding motions to intervene *specifically* in that class of cases.  Taylor Mem. 5–6 (citing *Adams v. Baldwin Cty. Bd. of Educ.*, 628 F.2d 895, 897 (5th Cir. 1980); *Jones v. Caddo Par. Sch. Bd.*, 499 F.2d 914, 917–18 (5th Cir.

---

[5] Taylor is, of course, free to submit its own well-pleaded allegations in support of its opposition to be considered alongside Healthy Gulf's allegations.  *See Berg*, 268 F.3d at 820.

14

1974); *United States v. Tex. Educ. Agency*, 138 F.R.D. 503, 511 (N.D. Tex. 1991)).  The Fifth

Circuit has expressly held, however, that the propriety of evidentiary hearings and attendant

discovery is strictly limited to school desegregation cases.  *United States v. CRUCIAL*, 722 F.2d

1182, 1191 (5th Cir. 1983) ("An exception to the hearing requirement applies where the

petitioners [for intervention] allege matters unrelated to desegregation."); *see also Trahan v.*

*Lafayette Par. Sch. Bd.*, 616 F. Supp. 220, 223 (W.D. La. 1985) (holding "denial of intervention

without a hearing is appropriate" because case involved "matters unrelated to desegregation").

The reason for allowing such hearings and discovery in those particular cases is that the

movants' "important constitutional rights [to education] at stake demand a scrupulous regard for

due process considerations."  *Adams*, 628 F.2d at 897.  And because intervention in an existing

school segregation case generally is the only opportunity to vindicate those important rights in

this Circuit, the courts should not *deny* such motions on the pleadings without giving the *movants*

a sufficient opportunity to present their case to the court.  *Id.*  In addition to being inapplicable

outside the school desegregation context, the cases in no way suggest that a party *opposing* a

motion to intervene must have a similar opportunity; granting a motion to intervene without a

hearing does not pose a comparable threat to an opposing party's constitutional rights.  Taylor's

reliance on the school desegregation cases therefore is misplaced.

The only other case Taylor cites — an unpublished, out-of-circuit order — also is

inapposite.  Taylor Mem. 5 (citing *Doe v. School Board for Santa Rosa County*, No. 3:08-cv-

361/MCR/EMT, 2009 U.S. Dist. LEXIS 137067, at *7 (N.D. Fla. Nov. 23, 2009)).  That case

involved the unique scenario in which a court allowed limited discovery on timeliness and

standing where a party moved to intervene months after the court had entered final judgment,

and did not file the required Rule 24(c) pleading showing standing.  *Minor I Doe ex rel. Parent I*

*Doe v. Sch. Bd. for Santa Rosa Cty., Fla.*, 264 F.R.D. 670, 672–73 & n.1 (N.D. Fla. 2010).  The present case is not at all similar.  Taylor has asserted no reason why discovery is necessary to determining the timeliness of Healthy Gulf's motion, which was filed at the early stage of this case, well before final judgment.  *See* Mem. Support Mot. Intervene, ECF No. 54-1, at 6–8.  Nor is discovery on standing applicable when standing is not required for intervention, as here, and when Healthy Gulf has filed the requisite Rule 24(c) pleading.  *See id.* at 6 n.1.  *But see Liddell*, 894 F.3d at 965 (holding standing can be established at motion to intervene stage "based on well-pleaded allegations alone").

Finally, Taylor is incorrect that the attachment of a declaration to a motion necessarily requires an opportunity to depose the declarant.  Taylor Mem. 4–5.  Taylor cites no authority for that proposition.  Indeed, Taylor's proposition would create an absurd result where depositions could be taken on any procedural motion in a case that is supported by a declaration.  In this case, for example, discovery would be required on Taylor's motion for discovery.  *See, e.g.*, ECF Nos. 29, 29-1 (Taylor's motion for expedited discovery supported by declaration of its president).

There is no authority for the discovery or evidentiary hearing Taylor seeks.  On the contrary, this Circuit's standard of review for motions to intervene, as well as the weight of the caselaw, demonstrate that Taylor's requests are improper and should be rejected.

## III.   Taylor's Requested Discovery Would Impose an Undue Burden on Healthy Gulf.

Taylor's discovery request goes well beyond the particular intervention issues and would impose an undue burden on Healthy Gulf.  Rule 26 requires a court to "limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1), (2)(C).  In determining whether a request poses an undue burden, courts consider factors including: "(1) relevance of the information requested; (2) the

need of the party for the documents; (3) the breadth of the document request; (4) the time period

covered by the request; (5) the particularity with which the party describes the requested

documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812,

818 (5th Cir. 2004). Courts can find an undue burden if even one of the factors weighs towards

that finding. *Id.* (noting facial overbreadth alone presents undue burden). The court may fashion

any order justice requires to protect a party from undue burden. Fed. R. Civ. P. 26(c)(1).

Here, all of the *Wiwa* factors weigh heavily in Healthy Gulf's favor. For one, the

subpoenas are facially overbroad, seeking a sweeping set of materials: "all information and

documents" relating, "in any way" to the motion to intervene or Mr. Eustis's declaration, as well

as any documents Healthy Gulf may seek to admit into evidence at trial on the merits. Taylor

has not explained the need for such a broad amount of information. Nor has Taylor attempted to

limit its request to particular materials or time periods. As a result, Healthy Gulf is faced with

the burden of spending likely hundreds of hours sorting through all materials that might relate to

the history of the organization, its interests in the case, its monitoring and advocacy work on the

Taylor oil spill, its efforts to reduce harm from oil pollution, and other efforts to protect natural

resources. Even Taylor's "targeted" subpoena of Mr. Eustis would require extensive review of

his records dating back many years, as his work on the Taylor oil spill has come in the context of

his broader efforts related to the oil and gas industry. *See* Eustis Decl., ECF No. 54-3 ¶¶ 5–6.

Second, the requested documents are not "highly" or even at all relevant to Taylor's

claims in this case, which allege that the Coast Guard — not Healthy Gulf — deprived Taylor of

due process and took arbitrary actions. And Taylor has not shown how that information will be

relevant to any of its claims or defenses in the consolidated Couvillion proceedings.

Third, Taylor has no need for the information. As explained above, Healthy Gulf's

motion for intervention is decided on its well-pleaded allegations in the absence of any showing of sham or frivolity. Taylor has not alleged nor demonstrated that Healthy Gulf has been untruthful or otherwise frivolous. As a result, Taylor has not shown that it could uncover anything relevant to intervention standard. *See United States v. Gen. Elec. Co.*, 95 F. Supp. 165, 169 (D.N.J. 1950) ("[N]o amount of testimony and evidence concerning the factual situation could change the legal position of petitioners [in arguing a motion to intervene].").

Finally, even assuming the requested materials were conceivably relevant or needed, Taylor has not demonstrated its need outweighs the burden on Healthy Gulf. Healthy Gulf would have to spend significant time gathering the information, much of which is protected by the First Amendment, as described below. "The small or non-existent incremental 'need' for and 'relevance' of this discovery alone imposes a burden on [an organization], if it must produce documents unnecessary to the litigation." *Whole Woman's Health v. Smith*, 896 F.3d 362, 375 (5th Cir. 2008). For all these reasons, the Court should deny this overreaching effort.

## IV. Taylor's Requested Discovery Threatens to Violate Healthy Gulf's First Amendment Rights.

The Court should reject Taylor's efforts to compel the disclosure of information protected by the First Amendment's guarantee to free association, including, as necessarily included under the terms of the deposition notices, internal communications, campaign strategies, and member identifying information. It is well-established that the First Amendment protects the "freedom to engage in association" with others "for the advancement of beliefs and ideas." *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958); *see also Citizens Against Rent Control/Coal. for Fair Housing v. City of Berkeley*, 454 U.S. 290, 294–95 (1981).

The right to free association can be abridged when discovery requests are enforced to require a protected group "to disclose certain associational information when disclosure may

impede future collective expression." *In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 479 (10th Cir. 2011); *see also Whole Woman's Health*, 896 F.3d at 372 ("[C]ommunications within . . . a group must be permitted to be broad, uninhibited, and fearless, and . . . protecting such deliberations is a seminal aspect of the freedom to associate."). "Disclosures of political affiliations and activities that have a 'deterrent effect on the exercise of First Amendment rights' are . . . subject to . . . 'exacting scrutiny.'" *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 64–65 (1976)); *see also Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002) ("[T]he threat to First Amendment rights may be more severe in discovery than in other areas because a party may try to gain advantage by probing into areas an individual or a group wants to keep confidential."). Documents that encompass material and other communications that are wholly internal to a citizen organization typically are protected under the First Amendment because their disclosure can "have a deterrent effect on participation in campaigns" and "mut[e] the internal exchange of ideas." *Perry*, 591 F.3d at 1163; *see also AFL-CIO v. FEC*, 333 F.3d 168, 177 (D.C. Cir. 2003) (noting such disclosure would "frustrate those groups' decisions as to 'how to organize . . . [themselves], conduct . . . [their] affairs, and select . . . [their] leaders,' as well as their selection of a 'message and . . . the best means to promote that message'" (alterations in original) (citation omitted)). "Compelled disclosure of membership in an organization engaged in advocacy of particular beliefs" also abridges the right of freedom of association. *NAACP*, 357 U.S. at 462. If the subject of a discovery request makes a prima facie showing that the request implicates protected associational information, the discovery request becomes subject to heightened scrutiny. *Perry*, 591 F.3d at 1160–61.

Taylor's deposition notices seek Healthy Gulf's associational information that is

protected by the First Amendment.  Healthy Gulf is a coalition of community, conservation, environmental, and fishing groups and individuals who seek to work together to protect and restore the natural resources of the Gulf of Mexico.  Mem. Support Mot. Intervene, ECF No. 54-1 at 3–4.  Taylor's request is framed broadly to seek "all information and documents" related "in any way" to the Healthy Gulf's alleged interests, which would include not just the specific allegations in Healthy Gulf's motion and declaration, but also how the specific involvement and discussions among Healthy Gulf's members inform those interests.  ECF No. 68-8, at 11.  In addition, the request also necessarily encompasses information about Healthy Gulf's members' internal communications and strategizing related to the organization's engagement on the Taylor spill, oil and gas development in the Gulf more broadly, and other advocacy efforts referenced in the motion to intervene and declaration; for example, documents on Healthy Gulf's and its members' internal discussions and strategies regarding its decades-long campaign for strengthened oversight of the oil and gas industry in the Gulf.  *See* Mem. Support Mot. Intervene, ECF No. 54-1, at 3–4, 8–9; Eustis Decl., ECF No. 54-3 ¶¶ 2, 5–10.  Many of these documents include identifying information about Healthy Gulf's members.

These sweeping requests likely will chill the involvement and communications of Healthy Gulf's members and staff about the Taylor oil spill and other threats to natural resources in the Gulf, as well as their efforts to reduce the impacts of oil pollution and other industrial harms.  For example, Mr. Eustis's work on the Taylor oil spill involves both his advocacy and his efforts working with others at Healthy Gulf to monitor the oil and gas industry, notify the public about harmful oil pollution, and strategize about reducing the harms from oil and gas development.  Eustis Decl., ECF No. 54-3 ¶¶ 1, 5–6.  His capability and willingness to pursue those efforts within the organization necessarily depend on his ability to freely communicate,

associate, and organize with Healthy Gulf's members and staff, as well as other allied organizations, on controversial issues like oil spills.  If Mr. Eustis were forced to reveal his internal communications with colleagues and members to Taylor, he likely would not continue to communicate with others as freely and openly.  Similarly, Healthy Gulf's members likely would not communicate as freely with Mr. Eustis.  Rather, Mr. Eustis would have to constantly consider whether his potential communications regarding Taylor or the oil and gas industry more broadly might be disclosed to Taylor or other adverse parties through discovery.  *See, e.g.*, *Whole Woman's Health*, 896 F.3d at 373; *Perry*, 591 F.3d at 1163.  Healthy Gulf's other staff and members similarly will reconsider whether and to what extent they will continue to communicate and advocate more generally on the Taylor oil spill and other Gulf issues if their communications and internal efforts were subject to disclosure.  *See, e.g.*, Taylor Mem. 2 n.1 (referencing declaration of one of Healthy Gulf's members that was withdrawn after Taylor asked to depose her).  For these reasons, much of the information sought by Taylor's discovery requests is protected under the First Amendment.

"[T]he party seeking the discovery [of protected information] must show that the information sought is highly relevant to the claims or defenses in the litigation — a more demanding standard than that under [Rule 26(b)(1)]," and that the requested discovery is "the 'least restrictive means' of obtaining the desired information."  *Perry*, 591 F.3d at 1161 (citation omitted).  This balancing test ensures that any government-sanctioned effort that may infringe on First Amendment rights "use[s] a scalpel, not an ax."  *Ealy v. Littlejohn*, 569 F.2d 219, 228 (5th Cir. 1978) (citation omitted).

As explained above, Heathy Gulf's internal deliberations are not at all relevant under Rule 26 to the claims in the case or even to the motion for intervention, much less "highly

relevant."  *See supra* section II.  Nor is the broad scope of requested discovery the least

restrictive means of obtaining the desired information.[6]  The discovery Taylor seeks is nothing

more than a massive and unwarranted fishing expedition into Healthy Gulf's private files.  It

does not appear to be designed to lead to any discoverable evidence, but instead to oppress and

intimidate public interest advocacy organizations that may raise concerns about the Taylor oil

spill.  *See Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 209 (N.D. Cal. 1983) (explaining

"enhanced scrutiny" of First Amendment issues "is appropriate since civil lawsuits could be

misused as coercive devices to cripple, or subdue, vocal opponents").

## V.      Taylor Has Not Shown Good Cause to Expedite Discovery.

The Court should deny Taylor's alternative request to order expedited discovery because

Taylor has not shown the requisite "good cause" for such an order.  "[E]xpedited discovery is not

the norm."  *St. Louis Grp.*, 275 F.R.D. at 240 (citation omitted).  "The burden of showing good

cause is on the party seeking the expedited discovery," and the proposed discovery must be

"narrowly tailored in scope."  *Id.*  Good cause exists "where the need for expedited discovery in

consideration of the administration of justice, outweighs the prejudice to the responding party."

*Id.* at 239 (citation omitted).  Taylor has not met its burden to justify deviating from the normal

course of discovery, nor has it narrowly tailored its requests.

As an initial matter, it is unclear from Taylor's filings whether it is asking the Court for

an order expediting discovery.  Taylor's motion requests such an order, but its memorandum in

support instead requests a Rule 16 pretrial conference so the Court can determine what, if any,

expedited discovery is necessary.  *Compare* Mot. Compel, ECF No. 68, at 1–2, *with* Taylor

---

[6] Taylor has not explained what information it actually hopes to obtain or what purpose it would
serve, *see infra* pp. 23–24, so it is not possible to conclude the discovery would serve a
"compelling" interest, *see Perry*, 591 F.3d at 1161.

Mem. 9.  Healthy Gulf is not yet a party to this case, so takes no position on whether the Court should expedite the scheduling conference.  But it does ask for an opportunity to respond to any further requests made at that conference to conduct discovery of Healthy Gulf.

Insofar as Taylor is now belatedly seeking the Court's leave to conduct expedited discovery, it has not shown that its need for expedited discovery outweighs the prejudice to Healthy Gulf.  As explained above, Taylor has not demonstrated that discovery is at all proper on a motion for intervention, where well-pleaded allegations need not be supported by evidence. *Cf. Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 411 (N.D. Ill. 2012) (denying request for expedited discovery where party "need not have conclusive evidentiary support" for pleading to be adequate).  Even if they were, Taylor must explain why the discovery it seeks is needed and relevant to the Court's evaluation of the issues in the motion.  *See Hernandez v. Johnson*, 108 F.3d 554, 561 (5th Cir. 1997) (holding discovery properly denied where party "made no showing of what types of evidence he hopes to obtain" from discovery); *cf. Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (noting party seeking discovery under Rule 56(f) "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts").  Taylor states only that it is "entitled" to conduct discovery for the sake of "[j]ustice and fundamental fairness."  Taylor Mem. 4–5.  The vague assertion of a need to "traverse" Healthy Gulf's allegations does not meet this standard and cannot justify the extraordinary step of discovery on a motion to intervene.

In a very similar case, a district court denied an industry party's request to depose a movant for intervention when the party *had* alleged a reason why the discovery purportedly was relevant to a specific issue in deciding the intervention motion: whether the movant's motives for intervention were improper.  *Envt'l Law & Policy Ctr. v. Syngenta Crop Prot., LLC*, No. 11-cv-

2521, 2011 WL 2837417, at *2 (N.D. Ill. July 13, 2011).  The court denied the discovery request, noting that the movant had adequately pleaded the necessary interests for intervention and that there was no evidence its motives may have been improper.  *Id.* at *3 ("Syngenta has failed to present any compelling argument that discovery on ELPC is necessary to address the issue of ELPC's proposed intervention, and ELPC would be unduly burdened if forced to submit to a deposition and to produce documents before being made a party to the underlying litigation.").  Taylor similarly has not identified any statement or particular reason why discovery is relevant or necessary, nor has it cited any evidence to question Healthy Gulf's allegations.  *Cf. Crutchfield v. City of New Orleans*, No. CV 17-08562, 2017 WL 4812408, at *2 (E.D. La. Oct. 25, 2017) ("Plaintiffs have failed to prove (or even explain) why there is good cause in this case to accelerate the discovery schedule, particularly in light of the pending motion to dismiss.").  Taylor has provided no good cause that expedited discovery is necessary.  Taylor "is not entitled to a fishing expedition."  *Hernandez*, 108 F.3d at 561.

Taylor does not address the prejudice prong of the good cause standard.  Because Taylor has no need for discovery on the motion to intervene, it could not prevail on the balancing test even if Healthy Gulf showed not prejudice.  Nonetheless, Healthy Gulf demonstrated above that the requested discovery would prejudice Healthy Gulf by demanding burdensome production and threatening its First Amendment rights.  *See* sections III, IV, *supra*.  Taylor's need for discovery does not outweigh that prejudice to constitute good cause.

Even if Taylor had shown good cause, it has not narrowly tailored its request.  Despite Taylor's representations in its motion to compel and memorandum in support, its deposition notices seek wide-ranging discovery on essentially all information Healthy Gulf has related to the Taylor oil spill and the merits of Taylor's case — in addition to the specific allegations in

support of the motion to intervene.  *Compare* ECF No. 68-8, at 11 (specifically requesting information related in any way to the "[Proposed] Answer in Intervention" and on "trial of this matter"), *with* Taylor Mem. 6 ("Here, the discovery that Taylor Energy seeks is limited and targeted, and Taylor Energy has no intention of conducting discovery with respect to the merits of its case at this time.").  Such a request is not narrowly tailored to the four factors considered in a motion to intervene.  *Cf., e.g.*, *Crutchfield*, 2017 WL 4812408, at *2 (finding discovery not narrowly tailored when it sought essentially all records "related to the subject matter of this litigation").  The Court should deny Taylor's broad discovery request.

## CONCLUSION

For the foregoing reasons, this Court should deny Taylor's Motion to Compel, Motion for Evidentiary Hearing, and Alternate Motion for Expedited Discovery with prejudice.  Healthy Gulf also asks the Court to issue any appropriate protective order under Rule 26(c) and award Healthy Gulf its reasonable expenses incurred in opposing this motion, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

Respectfully submitted this 15th day of April, 2019.

EARTHJUSTICE

*s/* Christopher D. Eaton
Christopher D. Eaton (*pro hac vice*)
705 Second Ave., Suite 203
Seattle, WA 98104
206-343-7340 Telephone
206-343-1526 Fax
ceaton@earthjustice.org

Brettny Hardy (*pro hac vice*)
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
bhardy@earthjustice.org

Michael L. Brown (La. Bar #35444)
1434 N. Roman Street
New Orleans, LA 70116
T: 415.217.2000, ext. 2042
F: 415.217.2040
mlbrown@earthjustice.org

*Attorneys for Applicant-Intervenor-Defendant Healthy Gulf*