UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAYLOR ENERGY COMPANY LLC               CIVIL ACTION

VERSUS                                  NUMBER: 18-14046
                                        c/w 18-14051

KRISTI LUTTRELL, ET AL.                 SECTION: "B"(5)

## ORDER AND REASONS

Before the Court is the "Motion to Compel, Motion for Evidentiary Hearing, & Alternative Motion for Expedited Discovery" filed by Plaintiff, Taylor Energy Company ("Taylor"). (Rec. doc. 68). That motion, filed in response to a motion to intervene brought by Healthy Gulf, seeks an order allowing Taylor to conduct "limited" pre-intervention discovery to traverse factual allegations made by Healthy Gulf in support of its motion to intervene. Healthy Gulf filed an opposition to the motion (rec. doc. 77) and Taylor filed a reply memorandum. (Rec. doc. 81). The Court heard oral argument on April 24, 2019 and took the matter under advisement. (Rec. doc. 82).

After thorough consideration of the pleadings and evidence attached thereto, the law, and the argument of counsel, the Court denies Taylor's motion for the following reasons.

In its motion to intervene, which is set for submission May 15, 2019 and is therefore not presently before the Court, Healthy Gulf makes various factual allegations in its attempt to satisfy the requirements of Federal Rule of Civil Procedure 24 for intervention of right. (Rec. doc. 54). As additional support for those allegations, Healthy Gulf attached to its motion the declaration of its "Community Science Director," Scott Eustis ("Eustis"). (Rec. doc. 54-3). That declaration, signed under penalty of perjury by Eustis, sets forth in considerable detail specific factual contentions that are said to support Healthy Gulf's right to intervene.

Precisely because Healthy Gulf went beyond mere pleading and attached this detailed declaration as evidence in support of its motion, Taylor claims it should, "in the interest of justice, fundamental fairness and judicial efficiency" be entitled to "challenge that evidence by traversing the Declaration of Mr. Eustis, or at the very least, it should be entitled to offer such evidence at the hearing on Healthy Gulf's Motion to Intervene."

The Court disagrees.

First, the Court is unconvinced that "justice, fundamental fairness and judicial efficiency" require such discovery. It is even less convinced that the actual law – in the form of rules or cases interpreting them – require such discovery, especially where, as here, the record contains substantial factual allegations made under penalty of perjury. "Permission to take testimony and present evidence in support of a motion to intervene has been denied. It is conceivable that there might be a case in which testimony and evidence would be helpful to the court but such a case must surely be rare indeed." 7C Charles A. Wright, Arthur Miller, *et al.*, Fed. Prac. & Proc. Civ. § 1914 (3d ed. Apr. 2019 update).

Healthy Gulf correctly points out (and Taylor really cannot dispute) that the general rule in this circuit is that courts are to accept the factual allegations in a motion to intervene as true. *See, e.g., Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 57 (5th Cir. 1977)). The proposed intervenor must plead sufficient facts to show that its motion is timely, that it can claim an interest relating to the subject of the action, that the action may impair the movant's ability to protect that interest, and that the movant's interests may not be adequately represented by the existing parties. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). Generally, the motion to intervene is construed liberally in favor of the movant

and the court should accept as true the factual allegations supporting the motion, absent sham or frivolity. *See, e.g.*, *Texas*, 805 F.3d at 657; *Mendenhall*, 551 F.2d at 56 n.2, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on Apr. 20, 2010*, MDL No. 2179, 2016 WL 4261762 at *4 (E.D. La. Aug. 12, 2016). There is no suggestion by Taylor of sham or frivolity in the factual allegations pled by Healthy Gulf.

The few cases in which such discovery has been permitted do not involve circumstances such as those present here,[1] also likely for good reason – it would be a perverse result indeed if a proposed intervenor's reward for attaching a detailed factual declaration signed under penalty of perjury to its motion was an order permitting pre-intervention discovery <u>solely</u> because it submitted such evidence. This Court will not exercise its discretion in this matter to issue a ruling that encourages proposed intervenors to include fewer facts, rather than more, in their motions.

Finally, to the extent Taylor desires the requested discovery so that it may "offer such evidence at the hearing on Healthy Gulf's Motion to Intervene," there will be no evidentiary hearing at which to present such evidence. The Court, as is its prerogative, will entertain oral argument on the motion to intervene, but will not conduct an evidentiary hearing, which is wholly unnecessary in this matter.

---

[1] None of the courts in the cases cited in Taylor's motion allowed pre-intervention discovery simply to traverse factual statements made in a signed declaration or affidavit.

For the reasons set forth above, Taylor's Motion to Compel, Motion for Evidentiary Hearing, & Alternative Motion for Expedited Discovery is denied.

New Orleans, Louisiana, this 25th day of   April   , 2019.

 MICHAEL B. NORTH  
**UNITED STATES MAGISTRATE JUDGE**