UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | CIVIL ACTION |
| TAYLOR ENERGY COMPANY LLC, | ) | |
| | ) | No.:        18-14046 c/w |
| Plaintiff, | ) | 18-14051 |
| | ) | |
| v. | ) | Refers to:    18-14046 |
| | ) | |
| CAPTAIN KRISTI M. LUTTRELL, et al., | ) | Section:     B(5) |
| | ) | |
| Defendants, | ) | Judge:       Hon. Ivan L. R. Lemelle |
| | ) | |
| HEALTHY GULF, | ) | Magistrate:   Hon. Michael North |
| | ) | |
| Intervenor-Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN OPPOSITION TO TAYLOR ENERGY'S MOTION TO LIMIT
HEALTHY GULF'S INTERVENTION

Intervenor-Defendant Healthy Gulf opposes Plaintiff Taylor Energy Company LLC's

("Taylor's") belated motion to limit Healthy Gulf's intervention.  ECF No. 103.  After Taylor

filed its motion, Healthy Gulf reached out to Taylor in an effort to negotiate reasonable

conditions without the involvement of this Court, but was unable to reach agreement.  Healthy

Gulf respectfully requests that the Court deny Taylor's motion because the limitations Taylor

seeks are not necessary in this case.  Courts typically only impose conditions on intervention that

are reasonably necessary or helpful, given the facts of the case.  *See Beauregard, Inc. v. Sword*

*Servs. LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997) (noting that imposed conditions must be

reasonable).  Taylor has offered no reason limits should be imposed in this case, and the terms it

requests would only introduce confusion as to what Healthy Gulf may argue in its briefs.

Healthy Gulf submitted its motion to intervene over two months ago.  Healthy Gulf Mot.

Intervene, ECF No. 54.  Since that time, Taylor has sought to engage in discovery on the motion,

conduct an evidentiary hearing, and otherwise oppose the motion both in briefing and at oral

1

argument.  *See, e.g.*, Taylor Mot. Compel, ECF No. 68.  At no time has Taylor sought any

limitations or conditions on intervention either from this Court or from Healthy Gulf.  Now, after

this Court has already heard two arguments on the issue of intervention, fully considered

numerous briefs from both parties, and granted Healthy Gulf leave to intervene as a full party in

this case, Order (May 15, 2019), ECF No. 99, Taylor is arguing for the first time that

intervention should be limited.  There are no changed circumstances that would warrant

conditions on intervention to be applied now, after the fact.

   Typically, once a court grants intervention, "an intervenor is treated as if he were an

original party and has equal standing with the original parties."  *Marcaida v. Rascoe*, 569 F.2d

828, 831 (5th Cir. 1978); *see also Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133

(5th Cir. 1985) ("When the intervention was allowed, the suit became a multiparty action . . . .").

The purpose of intervention is "to enable those satisfying the requirements of Rule 24 to assert

their interests in all pending aspects of the lawsuit, within the limitations of purpose imposed *at

the time* of intervention."  *U.S. v. Board of Ed. of Waterbury Conn.*, 605 F.2d 573, 576 (2nd Cir.

1979) (emphasis added).  The position of the parties and the posture of this case are the same as

when the Court granted Healthy Gulf leave to unconditionally intervene a little over a week ago,

on May 15.  Order, ECF No. 99.  Any conditions that Taylor believed might have been necessary

should have been submitted on the motion to intervene, so that they could have been efficiently

evaluated by the Court.  *Cf. In re Oceana Int'l, Inc.*, 49 F.R.D. 329, 333 (S.D.N.Y. 1969)

(holding plaintiff had waived argument to limit intervention because "it was incumbent upon it at

the time it opposed Cap-Roc's efforts to intervene to contend that any intervention ordered by

the Court be subject to the conditions and limitations it now seeks to impose").  There is no

reason for the Court to now reconsider its May 15 Order and limit Healthy Gulf's intervention,

2

especially because Taylor has failed to provide any reason why conditions would be prudent here.

In its motion, Taylor, asks the Court to limit Healthy Gulf's intervention by requiring it to refrain from raising new issues, to "not interject any new claims or collateral issues," to "limit its arguments and citations" to those not raised by Defendants, and to limit the pages for Healthy Gulf's briefing.  Taylor Mem. 4, ECF No. 103-1.  Taylor proposes these broad restrictions without identifying any problems that need to be addressed.  *Cf. 100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 285 (D.D.C. 2014) (denying conditions on intervention where party "fail[ed] to offer any concrete or realistic consequences to [the] litigation . . . that might require the Court to impose a limitation on the scope of defenses that an intervenor may raise").  Taylor's vague concepts of "conserv[ing] judicial resources" and avoiding "undue burden" are not sufficient in the abstract to justify limiting intervention.  Taylor Mem. 4.  Those concepts exist every time a party is allowed to intervene, yet do not make conditions on intervention the default.  The requested restrictions would serve no purpose other than to needlessly constrain Healthy Gulf's ability to protect its interests in this case.

Overcorrecting at this early stage of litigation would put the cart before the horse.  This Court has wide authority to impose conditions, if needed, as the case progresses.  For example, the Court can address any extraneous or inappropriate claims if and when they are made.  There is no need for the Court to act now on issues that may never arise.  *See Dacotah Chapter of Sierra Club v. Salazar*, No. 1:12-CV-065, 2012 WL 3686742, at *3 (D.N.D. Aug. 27, 2012) ("The court is also of the opinion that the imposition of preemptive restriction on the NDPSCs ability to present issues for the court's consideration amounts to nothing more than an academic

exercise given the posture of this case.  At this point the court can only speculate as to what issues the parties may raise.").

The specific limitations that Taylor seeks to impose here would only cause confusion and interfere with efficient resolution of the case.  As an initial matter, there is "no need to place an explicit restriction on [Healthy Gulf's] ability to raise additional claims" because Healthy Gulf has not raised additional counterclaims or cross-claims, and does not intend to, as Taylor recognizes, Taylor Mem. 4.  *Am. Great Lakes Ports Ass'n v. Zukunft*, No. 16-1019 (RC), 2016 WL 8608457, at *6 (D.D.C. 2016).  Restricting Healthy Gulf from raising additional arguments or "collateral issues" is similarly unnecessary because the nature of an administrative record case such as this necessarily limits the "ability to introduce collateral issues."  *Id*.; *see also Proie v. Nat'l Marine Fisheries Serv.*, No. C1105955BHS, 2012 WL 681676, at *3 (W.D. Wash. Feb. 28, 2012) (declining to impose restrictions on the types of motions a permissive intervenor could file in an administrative review case).  Even if Taylor identified a reason to confine Healthy Gulf's arguments to "to existing claims, and not [allow Healthy Gulf] to interject collateral issues," the condition runs contrary to judicial efficiency and the objectives of Federal Rule of Civil Procedure 24, which "are best served by permitting the prospective intervenors to engage in all aspects of [] litigation . . . without limitation."  *The Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C. 2000); *see also WildEarth Guardians v. Jewell*, 1:15-cv-02026, 2016 WL 660123, at *3 (D. Colo. Feb. 18, 2016) (holding that imposing limitations on briefing prematurely would prevent intervenor from "effectively representing their interests, which is the very purpose of their intervention").  Restricting intervention here would thwart the jurisprudential goal of consolidating related issues and claims to promote consistency and efficiency.

Preemptively banning new arguments and "collateral" issues only serves to create confusion with respect to which arguments or issues Healthy Gulf could argue and risks cutting off relevant issues before they are even identified. *See Waterkeeper All., Inc. v. Wheeler*, No. 18-2230 (JDB), 2018 WL 7508437, at *6 (D.D.C. Jan. 29, 2018) (finding that limiting intervenor to arguments only about certain counts or claims in the complaint "would have no practical impact on the resolution of [the] litigation other than to create confusion, which contradicts the purpose of placing conditions on parties' intervention in the first place"). It is not clear what Taylor means by "collateral issues" or "arguments." The language is broad enough to restrict any arguments not raised by another party. If, for example, this Court lacks subject matter jurisdiction or Taylor has failed to state a claim, surely Healthy Gulf can so argue even if neither Taylor nor the Federal Defendants raise those issues. Further, as worded, Taylor's conditions mean that Healthy Gulf can make *no* arguments, in practical terms, because the conditions would bar Healthy Gulf both from making different arguments from Federal Defendants (under limit (1)) and making the same arguments as Federal Defendants (under limit (2)). Taylor Mem. 4. The perverse result would be that Healthy Gulf would have no meaningful way to participate as an intervenor. Such limits also create a likelihood of future disputes — and collateral motion practice — between the parties regarding compliance with the limit given "that there is a propensity for disagreement amongst the parties over whether an issue is collateral or otherwise beyond the scope of these proceedings." *Dacotah*, 2012 WL 3686742, at *3. Given that Healthy Gulf has no intention to go beyond the facts and issues relevant to this case, there simply is no need to impose vague limitations on what it may and may not argue in its papers.

Likewise, Taylor's requests to limit arguments and citations and to impose page limits are unnecessary and premature. Taylor Mem. 4. Healthy Gulf has no desire to waste pages of its

briefs making duplicative arguments, and intends to avoid any duplication in practice by informally coordinating with the Federal Defendants when drafting briefs.  Restricting cited authorities and arguments also is overburdensome.  There are sure to be overlapping authorities which Healthy Gulf may need to cite in order to support non-duplicative arguments.  And there may be some overlapping arguments that are not necessarily duplicative (for example, arguments about whether the Coast Guard's actions comply with the Administrative Procedure Act).  Taylor has presented no compelling reasons for imposing restrictions on Healthy Gulf, so instituting such limitations would be "both arbitrary and unnecessarily punitive."  *Dacotah*, 2012 WL 3686742, at *3 (refusing to impose preemptive restrictions on an intervenor's ability to present issues or to impose page limit restrictions); *see also WildEarth Guardians*, 2016 WL 660123, at *3 (holding that restricting intervenor's arguments or imposing page limits is unnecessary and contrary to the purposes of allowing intervention); *Nat. Res. Def. Council v. Nat'l Park Service*, No. 2:16-cv-585-FtM-99CM, 2016 WL 5415127, at * 6 (M.D. Fla. Sept. 28, 2016) (same).

Less onerous conditions are available, if the need arises.  Allowing Healthy Gulf a short period of time of one week, for example, after Federal Defendants file a brief in order to file related briefs would allow Healthy Gulf to review Federal Defendants' brief and avoid any duplication.  The Court could also allow Taylor reasonable page limit accommodations if necessary to respond to Healthy Gulf's arguments.  Without identifying specific concerns it seeks to address, Taylor has failed to justify restricting the significant interest of Healthy Gulf and its members in efficient and expeditious resolution of this litigation in order to ensure protection of the marine resources of the Gulf of Mexico.

## CONCLUSION

Because the restrictions Taylor seeks to impose would serve no practical purpose, would create confusion and additional disputes, and would unduly burden Healthy Gulf and its

members, Healthy Gulf respectfully requests that this Court deny Taylor's belated motion to

limit intervention.

Respectfully submitted this 28th day of May, 2019.

EARTHJUSTICE

<u>s/ Brettny Hardy</u>
Brettny Hardy (*pro hac vice*)
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
bhardy@earthjustice.org

Michael L. Brown (La. Bar #35444)
1434 N. Roman Street
New Orleans, LA 70116
T: 415.217.2000, ext. 2042
F: 415.217.2040
mlbrown@earthjustice.org

Christopher D. Eaton (*pro hac vice*)
705 Second Ave., Suite 203
Seattle, WA 98104
206-343-7340 Telephone
206-343-1526 Fax
ceaton@earthjustice.org

*Attorneys for Applicant-Intervenor-Defendant Healthy Gulf*