```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**TAYLOR ENERGY COMPANY, LLC**                        CIVIL ACTION

**VERSUS**                                            NO. 18-14046
                                                      C/W 18-14051

                                                      REFERS TO:
                                                      18-14051

**KRISTI M. LUTTRELL, ET AL**                         SECTION "B"(5)

## OPINION

This case arises out of a decade-plus-long discharge of sub-sea minerals from plaintiff's offshore wells following Hurricane Ivan in 2004. In 2004, Hurricane Ivan toppled Taylor Energy's production platform ("MC20A Platform") located in federal waters adjacent to the State of Louisiana, scattering debris and burying the MC20 wells beneath approximately 150 feet of mud and sediment. Rec. Doc. 1 at 5-6. Plaintiff was designated the 'Responsible Party' by the Coast Guard. Id. at 7. Plaintiff alleges that Captain Luttrell served it with a new Administrative Order on October 23, 2018, ordering it to institute a containment system to capture and remove oil near the platform, and later unilaterally selected Couvillion as the contractor. Id. at 19, 33. Plaintiff was subsequently informed that the Coast Guard would be partially assuming response actions at the MC20 site. Id. at 33.

On December 20, 2018, plaintiff Taylor Energy filed a complaint to vacate administrative order and for other relief

1

against defendant Captain Kristi M. Luttrell, in her official capacity as Federal On-Scene Coordinator for the MC20 Unified Command, and defendant the United States of America, acting by and through the United States Coast Guard. Rec. Doc. 1. Plaintiff Taylor Energy also filed a separate complaint against defendant Couvillion for declaratory judgment and for other relief. Rec. Doc. 1, CV-18-14051. The cases were consolidated. Rec. Doc. 22.

On February 7, 2019, defendant Couvillion filed a motion to dismiss under Rule 12(b)(1) for lack of standing and ripeness, as well as under Rule 12(b)(6) for failure to state a claim. Rec. Doc. 27. Among other things, Couvillion argued that plaintiff's complaint is grounded in unsupported speculation of potential harm and is therefore insufficient to establish a concrete injury. Rec. Doc. 27-1 at 9-11. Subsequently, plaintiff filed a motion to allow it to conduct jurisdictional discovery in order to respond to Couvillion's motion to dismiss. Plaintiff alleges factual information regarding certain jurisdictional assertions are uniquely in Couvillion's possession. Rec. Doc. 29-2 at 4.

Oral arguments were received on February 27, 2019 on plaintiff's motion for jurisdictional discovery (Rec. Doc. 29), defendant Couvillion Group's motion to dismiss (Rec. Doc. 27), and plaintiff's motion to set defendant Couvillion's motion to dismiss for evidentiary hearing (Rec. Doc. 36). Rec. Doc. 48. After taking the motions under advisement, and considering supplemental

2

briefing submitted by the parties, an order was issued on April 18, 2019 permitting limited jurisdictional discovery and instructing parties to submit a schedule for same no later than April 30, 2019. Rec. Doc. 78. In the same order, we dismissed defendant Couvillion's motion to dismiss (Rec. Doc. 27) and Federal Defendants' partial motion to dismiss (Rec. Doc. 61), all without prejudice to reurge in context of a summary judgment motion after completion of limited jurisdictional discovery. Id.

Plaintiff and defendant Couvillion filed the instant supplemental memoranda in response to our April 18, 2019 order with separate proposed discovery schedules. Rec. Docs. 84, 85. Parties reportedly conducted a telephonic meet and confer on April 24, 2019 but were unable to agree upon a single schedule. Each side now seeks adoption of its respective proposed schedule. Federal Defendants also filed a status report opposing plaintiff's proposed schedule and asserting that the order for limited jurisdictional discovery applies only to the case against defendant Couvillion and not to the case against Federal Defendants. Rec. Doc. 86.

Plaintiff Taylor Energy seeks to conduct jurisdictional discovery on the following matters:

> 1. The Coast Guard's written contract with Couvillion LLC including all "specifications," "directives," and "instructions."

3

2. The basis for the Coast Guard's "higher confidence in the technical capability and response time proposed" by Couvillion LLC.

3. Whether Couvillion LLC's activities at the MC20 Site are "imminent."

4. The details and specifications of Couvillion LLC's work to date, original and subsequent timelines, and planned activities for the MC20 Site.

5. The design and installation of Couvillion LLC's "Rapid Response" containment system.

6. Couvillion LLC's due diligence, professional experience, and qualification, including that of its subcontractor(s).

7. Couvillion LLC's understanding of the complex history of the MC20 Site and its current condition to evaluate whether the "reckless, gross negligence" and willful misconduct exclusions to immunity apply to Couvillion LLC.

8. Any other services Couvillion LLC is performing for the Coast Guard under the contract.

9. Analysis and proposal for permanent P&A plan for the MC20 wells.

10. All facts that allegedly support Couvillion LLC's defenses of "preemption" and "immunity."

11. The factual basis for Couvillion LLC's allegation that the downed jacket is no longer the property of Taylor Energy.

12. The factual basis for Couvillion LLC's allegation that the downed jacket has been "abandoned" by Taylor Energy.

13. The factual basis for Couvillion LLC's allegation that the Coast Guard's statutory authority was "validly conferred" on Couvillion LLC.

14. Any other facts upon which Couvillion LLC bases its Motion to Dismiss.

Rec. Doc. 84 at 5-6. Plaintiff seeks to depose twenty (20) individuals on these topics, divided into three groups. Id. at 6-10. Plaintiff also seeks to propound written requests for production of documents to Couvillion, Captain Kristi Luttrell, and the United States Coast Guard.

Couvillion opposes plaintiff's schedule as overly broad and lacking any boundaries. Rec. Doc. 85 at 7. Couvillion states that plaintiff is seeking depositions of individuals who have nothing to do with Couvillion's work at the MC20 site, but rather go to claims plaintiff has asserted against Federal Defendants, against whom plaintiff has not sought jurisdictional discovery and therefore it should not be permitted. Id. Couvillion asserts that plaintiff seeks discovery on issues outside the scope of the limited jurisdictional discovery granted by the Court, including how Couvillion was selected by the Coast Guard, surveys that formed the basis of the Coast Guard's Administrative Order, and Couvillion's qualifications and understanding of the complex history of the MC20 site. Id. at 8. Couvillion correctly argues that plaintiff's proposed discovery plan seeks to bury a local contractor in litigation. Id. Couvillion also submits a general proposal for the order in which discovery should proceed, with dates left to be filled in as agreed to by the parties or ordered by the Court: 1) all parties serves document requests,

5

interrogatories, and requests for admission; 2) all parties respond to written discovery; 3) Couvillion completes production of documents; 4) parties other than Couvillion complete production of documents; 5) plaintiff serves limited 30(b)(6) notice of corporate deposition of Couvillion; 6) limited 30(b)(6) deposition completed, if necessary; 7) Couvillion files motion renewing qualified immunity defense; 8) plaintiff files opposition to motion; 9) Couvillion files reply; 10) oral argument on Couvillion's motion. Id. at 10-11.

Federal Defendants assert that no motion for jurisdictional discovery has been filed, let alone granted, in plaintiff's case against them. Rec. Doc. 86-2 at 1. Federal Defendants assert that the Court's ruling allowing limited jurisdictional discovery was based on plaintiff's motion seeking discovery to respond to defendant Couvillion's motion to dismiss. Id. Federal Defendants state that they did not take a position on plaintiff's motion for discovery in its case against Couvillion because it did not pertain to them, and at no point since Federal Defendants' filing of a partial motion to dismiss has plaintiff moved for leave to take discovery in its case against them. Id. Federal Defendants assert that the Court should require supplemental briefing on the need for and appropriate scope of jurisdictional discovery in plaintiff's complaint against them before ordering such discovery. Id. at 2. Federal Defendants also correctly assert that plaintiff

6

must follow *Touhy* procedures before seeking third-party federal agency or employee testimony in the complaint against Couvillion. Id. Federal Defendants state that plaintiff seeks 30(b)(6) depositions of components of three distinct cabinet agencies – the Coast Guard as part of the Department of Homeland Security, the National Oceanic and Atmospheric Administration ("NOAA") as part of the Department of Commerce, and the Bureau of Safety and Environmental Enforcement ("BSEE") as part of the Department of Interior – that are all non-parties in the context of the complaint against Couvillion. Id. Federal Defendants state that plaintiff must follow each of the three agencies' *Touhy* procedures to seek federal agency testimony in its case against Couvillion. Id.

Furthermore, Federal Defendants agree to have the Coast Guard compile and produce its administrative record to the parties by June 10, 2019, which is the same date by which plaintiff proposes responses be due to its request for production of documents, and that this should be sufficient for purposes of the case against them. Id. at 3. Additionally, Federal Defendants correctly state that the period for depositions should be scheduled to occur after the time when responses to document requests and written discovery are due, so as to not prejudice parties at the early depositions if material documents have not yet been produced or require having to depose the witness a second time. Id. If the Court permits deposition testimony in plaintiff's case against Federal

7

Defendants, then Federal Defendants assert that it should be limited to one 30(b)(6) deposition of the United States, for which the United States could then designate one or more individuals to testify. Id. Finally, Federal Defendants state that they are available to travel to New Orleans for depositions the week of July 22-26, 2019, but unavailable the weeks of June 8, June 17-20, and July 8. Id. at 4.

This Court's grant of jurisdictional discovery is limited to only those facts necessary to determine whether plaintiff can establish that subject-matter jurisdiction exists, and not to permit expedited discovery of the underlying claims and defenses at this early stage.

In light of the Court's explanation regarding the scope of limited jurisdictional discovery above, only the following areas for discovery will be permitted:

1) Whether Couvillion's work, that is the subject of Taylor Energy's Complaint, was performed pursuant to the authorization, direction, and control of federal the government;

2) Whether Couvillion exceeded the scope of that authority;

3) Whether Couvillion's activities at the MC20 Site are "imminent".

Discovery on these limited issues may be accomplished through written discovery, followed by the limited corporate deposition of

8

Couvillion if necessary after the completion of written discovery. This deposition, scheduled no earlier than July 2019, would be limited to the factors the Court must consider in evaluating the above areas.

Additionally, as Federal Defendants correctly note, plaintiff's motion for jurisdictional discovery, which was granted by this Court, was only in reference to defendant Couvillion. Rec. Doc. 29. Plaintiff sought to conduct jurisdictional discovery in response to defendant Couvillion's motion to dismiss, but did not seek to conduct such discovery in response to the Federal Defendants' motion to dismiss (Rec. Doc. 61). The Court ultimately dismissed the Federal Defendants' motion to dismiss without prejudice to reurge in the context of a summary judgment motion after completion of discovery. Rec. Doc. 78. Therefore, plaintiff has never sought to conduct jurisdictional discovery in its case against Federal Defendants, Federal Defendants did not take a position on the issue during oral arguments or in writing, and this Court has never granted leave to conduct such discovery. Plaintiff's action against Couvillion is distinct from its action against Federal Defendants, and therefore the question of subject-matter jurisdiction requires separate analyses. The Court's grant of limited jurisdictional discovery of Couvillion's actions at the MC20 site is to determine whether plaintiff can establish standing in its case against Couvillion by sufficiently alleging that it

has suffered an actual or imminent injury due to Couvillion's work. However, this limited discovery would not necessarily establish subject-matter jurisdiction in the case against Federal Defendants, where plaintiff alleges denial of procedural due process and seeks to vacate an Administrative Order. Rec. Doc. 1.

If plaintiff seeks jurisdictional discovery in its case against Federal Defendants, it must file a motion seeking such discovery and allow Federal Defendants to file a response in order to have due consideration by the Court.

Consistent with the foregoing analysis and in order to make the discovery process efficient and prevent deposing a witness twice after receipt of documents, depositions shall be scheduled to occur after the completion of limited written discovery.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff shall propound written discovery requests to defendant Couvillion, limited to only those areas identified by the Court in this Order, **no later than June 17, 2019;**

(2) Defendants shall produce documents in response to these written requests **no later than July 9, 2019.**

(3) Parties shall resubmit **a single proposed deposition schedule** in light of the limited scope identified in this order **no later than June 30, 2019,** scheduled to

occur after receipt of requested documents, taking into consideration the unavailability of certain dates previously proposed (Rec. Doc. 86-2 at 3-4).[1]

New Orleans, Louisiana, this 30th day of May, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The foregoing order moots the parties' conflicting proposed schedules and scope of discovery, etc.