# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR ENERGY COMPANY LLC,**<br><br>    Plaintiff,<br><br>VERSUS<br><br>**CAPTAIN KRISTI M. LUTTRELL, IN HER OFFICIAL CAPACITY AS FEDERAL ON-SCENE COORDINATOR FOR THE MC20 UNIFIED COMMAND, and THE UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES COAST GUARD,**<br><br>    **Defendants** | **CIVIL ACTION**<br><br>**NO.:**   18-14046 c/w<br>              18-14051<br><br>**Refers to:**   18-14046<br><br>**SECTION:**   D(5)<br><br>**JUDGE:**   VITTER<br><br>**MAGISTRATE:**   NORTH |

**MEMORANDUM IN SUPPORT OF TAYLOR ENERGY'S MOTION UNDER FED. R. CIV. P. 56(D) TO CONTINUE SUBMISSION DATE ON FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FOR DISCOVERY**

CARL D. ROSENBLUM, T.A. (#02083)
RICHARD D. BERTRAM (#17881)
ALIDA C. HAINKEL (#24114)
LAUREN C. MASTIO (#33077)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8296
Facsimile:  (504) 589-8296
crosenblum@joneswalker.com

**Counsel for Taylor Energy Company LLC, Plaintiff**

{N3827636.2}

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ................................................................................................................. i

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

I. The Complaint. ......................................................................................................... 2

II. The Administrative Order. ....................................................................................... 3

III. Judge Lemelle's Order Authorizing Defendants To Pursue A Summary Judgment Motion Only After Completion Of Limited Jurisdictional Discovery. ................... 5

IV. Defendants' Motion. ................................................................................................ 6

LAW AND ARGUMENT ............................................................................................................... 7

I. A Motion To Continue And For Discovery Under Rule 56(D) Is Broadly Favored And Liberally Granted. ............................................................................................. 7

II. A Rule 56(D) Motion Is Especially Appropriate Here. ......................................... 10

    A. Defendants' Motion Is Contrary To the Court's Order That Allowed Taylor Energy to Conduct Jurisdictional Discovery Before Defendants Could File a Motion for Summary Judgment. ....................................................................... 10

    B. Defendants' Motion Raises Multiple Issues That Should Be Subject to Discovery Before Consideration of the Motion. ............................................. 10

CONCLUSION .............................................................................................................................. 15

CERTIFICATE OF SERVICE ...................................................................................................... 15

Plaintiff, Taylor Energy Company LLC ("Taylor Energy") respectfully submits this memorandum in support of its Motion under Fed. R. Civ. P. 56(d) to Continue Submission Date on Federal Defendants' Motion for Summary Judgment and for Discovery. "Generally, summary judgment is not appropriate before the opposing party has had a 'full opportunity to conduct discovery.'" *LeBlanc v. Panther Helicopters, Inc.*, 2016 U.S. Dist. LEXIS 37888, at *15 (E.D. La. Mar. 23, 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). "Indeed, 'summary judgment assumes some discovery.'" *Id.* (quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). In accordance with the general rule that allows a summary judgment opponent to conduct discovery, Taylor Energy requests a continuance of the current July 3, 2019 submission date for Federal Defendants' Motion for Summary Judgment ("Motion") (Rec. Doc. 105) filed by Captain Kristi M. Luttrell, in her official capacity as Federal On-Scene Coordinator for the MC20 Unified Command ("Captain Luttrell") and the United States of America, acting by and through the United States Coast Guard ("Coast Guard") (collectively, "Defendants"), for at least sixty to ninety days to allow Taylor Energy to conduct discovery on the issues raised in the Motion.[1]

**INTRODUCTION**

As an initial matter, Defendants' Motion is contrary to Judge Lemelle's April 18, 2019 Order pursuant to which he instructed Defendants that they could file "a summary judgment motion after completion of limited jurisdictional discovery." Rec. Doc. 78 at 2. Since that time,

---

[1] Defendants selected the July 3, 2019 submission date for the Motion before the case was re-allotted to this Court from the Honorable Ivan L. R. Lemelle. Although Taylor Energy is uncertain whether the submission date of July 3, 2019 remains in place, it respectfully asks this Court to enter an order resetting it to a date no sooner than an available submission date in September or October of 2019 and, additionally, authorizing Taylor Energy to conduct discovery during the continuance period so that it can present facts essential to its opposition to Defendants' Motion.

no jurisdictional discovery has taken place. Nevertheless, ignoring Judge Lemelle's directive, Defendants pressed ahead with a summary judgment motion.

Defendants' Motion is also an abuse of the summary judgment procedure. Their Motion, which asserts that the Court lacks subject matter jurisdiction under the doctrine of "mootness," is based on facts related to alleged "intervening changes in circumstances" (Rec. Doc. 105-1 at 9) that are uniquely known to and controlled by Defendants and their contractors and consultants.[2] Indeed, Defendants base their Motion on facts that they have consistently concealed from Taylor Energy notwithstanding Taylor Energy's persistent requests for Defendants' full disclosure.

Given that Defendants base their Motion almost entirely on facts that are uniquely within their knowledge or the knowledge of their contractors and consultants, Taylor Energy requests a continuance of the submission date for at least sixty to ninety days so that Taylor Energy can conduct discovery to present facts essential to its opposition. *See* attached Exhibit A (Taylor Energy's counsel's Fed. R. Civ. P. 56(d) Declaration).

## BACKGROUND[3]

**I.    The Complaint.**

On December 20, 2018, Taylor Energy filed a Complaint to Vacate Administrative Order and For Other Relief against Defendants in connection with the Coast Guard's issuance of

---

[2] Because Defendants premise their mootness challenge on "intervening changes in circumstances," they cannot resist summary judgment discovery on the grounds that production of the Administrative Record will suffice. Under well-settled law, the Administrative Record compiled in support of an agency decision contains only pre-decisional materials, not post-decisional materials that reflect "intervening" facts. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Accordingly, by filing their Motion alleging that intervening facts have resulted in changed circumstances, Defendants opened the door to discovery.

[3] The background discussion is taken from the Declaration of Carl D. Rosenblum, Taylor Energy's lead counsel. *See* Ex. A.

Administrative Order No. 19-001 dated October 23, 2018 (the "Admin. Order") relating to containment activities at the site of Taylor Energy's platform jacket at Mississippi Canyon Block 20 (the "MC20 site"). Captain Luttrell issued the Admin. Order in her capacity as Federal On-Scene Coordinator for the MC20 Unified Command. Rec. Doc. 1-3. In the Complaint, Taylor Energy asserts that Defendants denied Taylor Energy due process of law, requests vacatur of the Admin. Order and the actions taken in implementing it, and seeks the imposition of a permanent injunction.

As established in Taylor Energy's Complaint, the Admin. Order was issued without adequate justification, without any advance notice to Taylor Energy and without providing Taylor Energy with a meaningful opportunity to review and comment on the findings on which the Coast Guard based the Admin. Order. Indeed, since taking these actions, Captain Luttrell and the Coast Guard have steadfastly continued to conceal from Taylor Energy the underlying documents, facts and data that purportedly support the Admin. Order and the activities undertaken pursuant to it by Captain Luttrell in her official capacity as the Federal On-Scene Coordinator ("FOSC").[4]

## II. The Administrative Order.

The Admin. Order stated that "[r]ecently developed information related to source location and conditions at the MC20 site, combined with a review of previously existing information,

---

[4] In a related lawsuit filed on December 20, 2018, Taylor Energy also filed a Complaint for Declaratory Judgment and Other Relief against Couvillion Group, LLC ("Couvillion") and that matter has been consolidated with this case. Couvillion is a contractor hired by the Coast Guard to undertake containment work at the MC20 site. Similar to Captain Luttrell and the Coast Guard, Couvillion has also steadfastly refused to provide Taylor Energy with any information about its activities at the MC20 site, including details about the design of the containment system, the operation of the containment system or its related activities at the MC20 site. In fact, Taylor Energy's sole information about Couvillion's activities and installation of the containment system comes from a May 16, 2019 letter the Coast Guard sent to Taylor Energy (*see* Rec. Doc. 105-3) and from press reports and media comments.

warrant issuance of this new administrative order." Rec. Doc. 1-3. It further announced a "new" federal position that:

> a. One or more wells are actively discharging oil and gas from the erosional pit near the former Dome C location.
>
> b. The worst-case estimate of the daily volume of release far exceed previous estimates and is in the order of hundreds of barrels per day.
>
> c. Temporary containment and recovery of oil being discharged at the erosional pit near the former Dome C location is needed and feasible while a more permanent solution to stopping the source is developed.

*Id*.

The Admin. Order "ordered" Taylor Energy to "institute a containment system to capture, contain, and remove oil from the erosional pit near the former Dome C location" and that:

> The containment system must <u>eliminate</u> the surface sheen and avoid the deficiencies associated with prior containment systems. Design of the containment system shall take into consideration the site conditions provided to you. The containment system shall be designed to contain an amount with a worst case daily discharge between 250 barrels and 700 barrels per day. A design of a minimum of 250 barrels per day is acceptable at this time.

*Id.* (emphasis added).

The Admin. Order further notified Taylor Energy that a Unified Command planning meeting would be held "to evaluate proposals from potential contractors on the design of an effective containment system." *Id*. The Admin. Order also represented to Taylor Energy that, "[b]y the conclusion of the Unified Command meeting, 06-09 November, **WE** will select one of the proposals presented during the workshop." *Id.* (emphasis added).[5]

---

[5] The documents accompanying the Admin. Order reference a study by Oscar Pineda-Garcia ("the Garcia theory"), which forms the predominant basis for the conclusions set forth in the Admin. Order. *See* Rec. Doc. 1-3 at pp. 5-6 of 14. The Garcia theory was developed by a Government-paid purported and not yet qualified "expert witness" that the U.S. Department of Justice ("DOJ") retained for a lawsuit between Taylor Energy and the U.S. Department of the

### III. Judge Lemelle's Order Authorizing Defendants to Pursue a Summary Judgment Motion Only After Completion of Limited Jurisdictional Discovery.

Because Captain Luttrell, the Coast Guard and Couvillion provided Taylor Energy with almost no information about containment activities at the MC20 site, Taylor Energy timely undertook efforts to seek information through discovery in the consolidated Couvillion matter. Initially, in the Couvillion matter, Taylor Energy filed a Motion to Expedite Pre-Trial Conference and Entry of Scheduling Order Allowing for Expedited Discovery on January 14, 2019, which Judge Lemelle denied without prejudice. Rec. Docs. 23-24. Taylor Energy again sought discovery in the Couvillion matter through a Motion for Jurisdictional Discovery and Renewed Motion for Expedited Pre-Trial Conference and Entry of Scheduling Order Allowing for Expedited Discovery on February 12, 2019. Rec. Doc. 29.

By Order dated April 18, 2019, Judge Lemelle granted Taylor Energy's discovery motion in the Couvillion matter, authorizing Taylor Energy to conduct "limited jurisdictional discovery." Rec. Doc. 78. Pursuant to the Order, Judge Lemelle further denied motions to dismiss without prejudice that had been filed by both Defendants and Couvillion, instructing that Defendants and Couvillion would have the right to "reurge" their arguments "in the context of a summary judgment motion *after* completion of limited jurisdictional discovery." *Id.* at 1-2 (emphasis added).

In the Order, Judge Lemelle directed the parties to submit a schedule for limited jurisdictional discovery. Taylor Energy's counsel then convened a telephone conference with counsel for all parties on April 24, 2019 for the purpose of discussing and attempting to reach an agreement on a jurisdictional discovery schedule. The parties were unable to agree, and each party

---

Interior ("DOI ") pending in the United States Court of Federal Claims. The Garcia theory thus was prepared solely as a part of the DOJ's litigation strategy, was not developed or studied under the Unified Command structure, and Mr. Garcia's qualifications and methodology have never been accepted. Nor has the Garcia theory been peer reviewed or otherwise verified in any manner.

subsequently submitted its position to the Court. *See* Rec. Docs. 84-86. After review of the parties' positions, Judge Lemelle, in an Opinion dated May 31, 2019, set forth three areas on which limited jurisdictional discovery, directed to Couvillion, would be permitted and set forth a schedule for the discovery, with a deadline for responses to written discovery of July 9, 2019, followed by a corporate deposition if necessary in late July.[6] Rec. Doc. 108 at 8, 10-11. Judge Lemelle further agreed to consider a motion by Taylor Energy to conduct jurisdictional discovery directed to Defendants. *Id.* at 10. Taylor Energy now respectfully asks this Court to consider its request to seek discovery from Defendants directed to the jurisdictional issue of mootness that Defendants have asserted as the basis for their summary judgment motion so that Taylor Energy can present facts essential to its opposition. Rule 56(d) standards require no less.

In addition to the jurisdictional discovery directed to Couvillion that Judge Lemelle previously authorized (*see* Rec. Doc. 108 at 8, 10-11), the discovery outlined by Taylor Energy below, which is directed to Defendants, is necessary to adequately oppose Defendants' Motion. In other words, and for reasons explained more fully below, Defendants' filing of the Motion dramatically expanded the need for and scope of the topics for discovery warranted at this stage of these proceedings.

### IV. Defendants' Motion.

Notwithstanding that the jurisdictional discovery ordered by Judge Lemelle had not yet occurred, on May 24, 2019, Defendants filed a Motion for Summary Judgment and noticed it for submission on July 3, 2019. Rec. Doc. 105. The gravamen of Defendants' Motion is that the Court lacks subject matter jurisdiction over Taylor Energy's Complaint because it is moot "due to

---

[6] Accordingly, the July 3, 2019 submission date selected by Defendants for their Motion falls well before the deadline for responses to any presently authorized discovery in these consolidated cases.

{N3827636.2} 6

changed circumstances since the filing of the Complaint." Rec. Doc. 105 at 1. In particular, Defendants argue that the actions they and Couvillion have taken at the MC20 site – which have been taken without Taylor Energy's involvement or knowledge – allegedly have fully resolved all issues arising out of the Admin. Order. As primary support for the Motion, Defendants rely on their own press release and quote themselves.

In connection with their Motion and as required by Local Rule 56.1, Defendants filed a Statement of Undisputed Material Facts ("Material Facts"), Rec. Doc. 105-2, which lists 23 separate factual statements that they concede are material to the Motion. With the exception of the first six or so Material Facts, the remainder of the 23 Material Facts overlap to a significant degree with the limited jurisdictional discovery topics previously identified by Taylor Energy in its discovery schedule submitted to the Court. *See* Rec. Doc. 84.

On May 28, 2019, Taylor Energy contacted Defendants and sought consent to a sixty to ninety day continuance of the July 3, 2019 submission date on the Motion so that Taylor Energy could conduct summary judgment discovery. Defendants objected to the requested continuance. *See* attached Exhibit B. On the same date, Taylor Energy requested two of the key depositions required for responding to the Motion – the depositions of Captain Luttrell and Tim Couvillion – and Taylor Energy offered six available dates for the depositions in June. Defendants responded that, "[w]ith respect to the summary judgement motion, I refer you to Federal Rule of Civil Procedure 56(d), and I assume Taylor will follow the rule." *See* attached Exhibit C.

## LAW AND ARGUMENT

**I.  A Motion to Continue and for Discovery under Rule 56(d) Is Broadly Favored and Liberally Granted.**

A plaintiff must have a "full opportunity to conduct discovery" when summary judgment "evidence is likely to be within the possession of the defendant." *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 257 (1986). That fundamental rule applies with even greater force when, as here, a party seeks summary judgment before *any* discovery has occurred:

> Pre-discovery summary judgments should be rare. It is well established that courts should not grant summary judgment against parties who have not yet had reasonable opportunity to take discovery that they would need to gather the evidence necessary to oppose the motion . . . Appellate courts frequently state that district courts should grant requests for additional time liberally in order to insure that parties opposing summary judgment are given a reasonable opportunity to compile an evidentiary record before the court rules on the summary judgment motion.

*Moore's Federal Practice*, §56.100[1] (3d ed. 2019).

Federal Rule of Civil Procedure 56(d) is the procedural vehicle for seeking more time to conduct summary judgment discovery. That rule provides:

> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

According to the Fifth Circuit, the "purpose of Rule 56(f) [now Rule 56(d)] is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Witchita Falls Office Assoc. v. Banc One Corp.,* 978 F.2d 915, 919 (5th Cir. 1992). Indeed, "[s]uch 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' unless 'the non-moving party has not diligently pursued discovery of the evidence.'" *Id.* at 919 n.4 (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1267 (5th Cir. 1991)). *See also Raby v. Livingston,* 600 F.3d 552, 561-62 (5th Cir. 2010) (motion for time to conduct discovery in response to a summary judgment motion is "broadly favored and should be liberally granted"); *Hinojosa v. Johnson,* 277 Fed.Appx. 370, 375 (5th Cir. 2008); *Dantonio v. Southwest Educational Development,* 2012 WL 952751, *1 (E.D. La. Mar. 20, 2012).

Because Defendants base their Motion on the doctrine of mootness, the need for discovery is especially acute. Mootness is a fact-intensive inquiry. Specifically, to determine the applicability of the mootness doctrine, courts examine whether the plaintiff's injury is "'concrete, particularized and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013). When, as here, a party bases its mootness challenge on an alleged "intervening event," a heightened standard applies because the intervening event "will only render a plaintiff's action moot if the plaintiff is divested of all personal interest in the result or the effect of the alleged violation is completely eradicated and the event will not occur again." *Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998). "The availability of even partial relief is enough to prevent mootness." *Id.* Moreover, a dispute "is not moot when it 'is capable of repetition, yet evading review,' which means that '(1) the challenged action is in its duration too short to be fully litigation prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Moore v. Tangipahoa Parish Sch. Bd.,* 2018 U.S. Dist. LEXIS 54332, *6-7 (E.D. La. Mar. 30, 2018). These standards raise fact issues that cannot be addressed on an undeveloped record. Accordingly, this Court should continue the submission date for Defendants' Motion to afford Taylor Energy reasonable time to use the "much needed tool"[7] of discovery so that it has adequate factual information to justify its opposition.

---

[7] *Witchita Falls*, 978 F.2d at 919.

## II. A Rule 56(d) Motion Is Especially Appropriate Here.

### A. Defendants' Motion Is Contrary To the Court's Order That Allowed Taylor Energy to Conduct Jurisdictional Discovery Before Defendants Could File a Motion for Summary Judgment.

Taylor Energy's requested continuance is justified by Judge Lemelle's Order dated April 18, 2019, in which he instructed Defendants that they could only pursue "a summary judgment motion after completion of limited jurisdictional discovery." Doc 78 at 1-2. Indeed, compliance with that Order may have resulted in Taylor Energy's ability to develop the facts sufficiently through discovery directed to Couvillion so as to avoid Defendants' filing of a premature summary judgment motion. But, currently, no factual record has been developed at all. Rather, Defendants' Motion rests purely on their own assertions of fact, the support for which – if it exists – has never been shared with Taylor Energy through discovery or otherwise.

As a result, a continuance of the submission date on the Motion for sixty to ninety days so that Taylor Energy can conduct discovery is appropriate and consistent with the Order previously entered by Judge Lemelle.

### B. Defendants' Motion Raises Multiple Issues That Should Be Subject to Discovery Before Consideration of the Motion.

As set forth in Taylor Energy's Rule 56(d) declaration (Ex. A), the factual basis for Defendants' Motion is uniquely within Defendants' knowledge and control and the knowledge and control of their contractors and consultants. And Defendants have actively concealed these facts from Taylor Energy, despite Taylor Energy's repeated requests for information.

The Motion assumes that Admin. Order 19-001 was validly issued and is further based upon "events" and "factual developments" that have taken place after issuance of the Admin. Order. As Defendants state: "***Recent developments*** have rendered Taylor's entire Complaint

moot. The containment system has been *fully installed* at the site and *is actively collecting oil as designed*." Rec. Doc. 105-1 at 1 (emphasis added).

Taylor Energy has had no opportunity to discover any facts that would support or undermine the basis for and veracity of Defendants' statements and conclusions and cannot adequately oppose Defendants' Motion without conducting discovery with respect to the alleged design, installation and operation of the containment system and its alleged active collection of oil. Simply put, to oppose the Motion, Taylor Energy should be entitled to and requests leave to conduct discovery related to the scientific facts and data underlying the issuance of the Admin. Order,[8] Defendants' representation that the Admin. Order has been "fully implemented,"[9] the design, installation and performance characteristics of the system, and what the system is recovering and the amounts that it is recovering,[10] as well as any scientific evaluations or work

---

[8] To support their Motion, Defendants make the conclusory assertion that the containment system "is actively collecting oil as designed." The Admin. Order ordered Taylor Energy to design and install a containment system capable of containing "a minimum of 250 barrels per day" in reliance on the unverified Garcia theory "that the estimated minimum daily volume discharge is 249 barrels." Rec. Doc. 1-3 at pp. 1-2, 6 of 14. Discovery related to the Garcia theory is critical to test the veracity of Defendants' unsupported "Material Fact" assertion that the containment system is "collecting oil as designed," particularly given the inconsistency between Defendants' representation that the system allegedly has been in place, collecting oil and being pumped off since April 17, 2019, with a total collection volume of oil of 30,000 gallons (equivalent to 714 barrels) over the period of a month and the Admin. Order's design requirement that the system must have capability to collect 10,500 gallons per day (equivalent to 250 barrels). Rec. Doc. 105-3 at pp. 1, 20 of 24. Simple math shows that the 250-barrel-per-day design requirement and the amount collected are off by nearly 6790 barrels of oil.

[9] For instance, contrary to Defendants' representation that the Admin. Order has been "fully implemented," Rec. Doc. 105-3 submitted in support of Defendants' Motion indicates that operation of and adjustments to the containment system remain in process, and the Admin. Order, by its own terms, remains in effect. *See* Rec. Doc. 1-3 at 3 ("This Administrative Order . . . remains in effect until rescinded.").

[10] The Admin. Order ordered Taylor Energy to "institute a containment system" that "eliminate[d] the surface sheen." Rec. Doc. 1-3 at 1-2. Therefore, the amounts recovered and the

performed at the MC20 site related to the environmental conditions near the platform jacket, the stability of the sediments in the area and the structural integrity of the jacket to show the continuing existence of concrete, certainly impending threatened injury to Taylor Energy, an essential element of the fact-intensive mootness inquiry.

The following are examples of the Material Facts (Rec. Doc. 105-2) – the factual basis for the Motion – that are within the knowledge of Defendants or their consultants and contractors and should be subject to discovery:

| Material Fact 8 – "by 2018 oil was still leaking from MC20 at a rate of potentially hundreds of barrels a day" | The support for Defendants' allegation of material fact that "by 2018 oil was . . . leaking from MC20 at a rate of potentially hundreds of barrels a day" is uniquely within Defendants' knowledge. Despite multiple requests, Defendants have not provided Taylor Energy with access to the data to support this allegation. Taylor Energy believes that discovery will show that this factual predicate for Defendants' Motion is incorrect or at least that a genuine dispute exists regarding it. Taylor Energy has not been provided with any factual information or data related to the scientific studies that allegedly support this conclusion, which is the predominant basis underlying the issuance of the Admin. Order. For example, this would include discovery related to the MC20 studies carried out by Oscar Garcia and other scientists or consultants prior to and after issuance of the Admin. Order or as part of any evaluation of site conditions. The depositions of Oscar Garcia, Capt. Luttrell, and other representatives of the Coast Guard and its consultants would plainly yield information relevant to this material fact. |
| Material Fact 9 – "In light of a growing body of scientific evidence of multiple, active leaks" | These allegations of material fact are uniquely within Defendants' knowledge, and |

---

constituents captured are plainly relevant to Defendants' assertion that the "successful" installation of the containment system mooted Taylor Energy's claims.

{N3827636.2} 12

| | |
|---|---|
| at the MC20 site "the Coast Guard issued Administrative Order No. 19-001. . . ." | Defendants have not provided Taylor Energy with access to any factual support for them. Taylor Energy has received no information related to the alleged "growing body of scientific evidence" that establishes that there are "multiple, active leaks" at the MC20 site. Taylor Energy believes that discovery will show that this predicate of material fact for Defendants' Motion is incorrect or at least that a genuine dispute exists regarding the issue. |
| Material Facts 16 through 19 – "Couvillion . . .completed installation of its containment system," "the Coast Guard has determined that the system is functioning as designed and has significantly reduced the oil sheen," "the system has captured over 30,000 gallons of crude oil," and "'the system is working.'" | These allegations of material fact are uniquely within Defendants' knowledge, and Taylor Energy has received no information related to them. Indeed, Defendants have kept Taylor Energy completely in the dark about Couvillion's activities, the containment system (which has apparently changed in design),[11] and the results and viability of Couvillion's work. Taylor Energy believes that discovery will show that these supporting material facts alleged by Defendants are incorrect or at least that genuine disputes exist regarding them. For example, the Admin. Order ordered Taylor Energy to install a containment system that eliminated the sheen, but Defendants' statement of material fact acknowledges that the sheen has not been eliminated and instead has only been "significantly reduced." Discovery is therefore warranted as to whether the system is really "working" in accordance with the design parameters of the Admin. Order. |
| Material Fact 20 – "The Coast Guard further announced in its press release, '[w]e will continue to monitor the containment system's performance and make necessary adjustments . . . .'" | These allegations of material fact are uniquely within Defendants' knowledge. To adequately oppose Defendants' Motion, Taylor Energy should be entitled to discover facts and information related to the performance of the system, particularly given that Defendants |

---

[11] The Couvillion proposal shared with Taylor Energy on November 9, 2018 showed a pyramid-like design for the containment system. *See* Rec. Doc. 1-6 in matter 18-14051 at p. 5 of 13. Although Defendants selected this proposed design, the design apparently changed to a porch-like structure at some point, without Taylor Energy's knowledge, as reflected in the materials that accompanied Captain Luttrell's letter of May 16, 2019, to Taylor Energy. *See* Rec. Doc. 105-3 at pp. 8-15 of 24.

|  | assert it is performing "as designed," as well as the nature of the "adjustments" to the system the Coast Guard has required or intends to require to test Defendants' conclusory assertion that the Admin. Order has been "fully implemented." |
|---|---|

In sum, Taylor Energy, at a minimum, needs to conduct discovery on the following topics, which form the factual predicate for Defendants' Motion and which are uniquely within Defendants' (and their contractors' and consultants') knowledge and control: (1) the scientific facts and data underlying the issuance of the Admin. Order, which provided the foundation and framework for the requirements for the design and installation of the containment system and its required operational parameters; (2) the design and performance characteristics of the containment system and its containment capabilities; (3) the installation and operation of the containment system; (4) the amounts captured by the containment system and the constituents being captured; (5) any scientific evaluations, site assessments, environmental studies or risk analyses performed with respect to current MC20 site conditions, the stability of the sediments and the structural integrity of the platform jacket; (6) any safety protocols or planning developed for operation of the containment system in adverse weather and, particularly, during hurricane season; and (7) facts related to the monitoring of the containment system and any prior or contemplated adjustments to it.

Taylor Energy believes that, with proper cooperation, the parties can reasonably complete the discovery it seeks if the submission date for Defendants' Motion is continued for sixty to ninety days.

{N3827636.2} 14

## CONCLUSION

For the foregoing reasons, Taylor Energy's Motion Under Fed. R. Civ. P. 56(d) to Continue Submission Date on Federal Defendants' Motion for Summary Judgment and for Discovery should be granted. The submission date should be continued for sixty to ninety days, and Taylor Energy should be allowed the time necessary to conduct discovery related to facts that are essential to its opposition.

Respectfully submitted,

*s/ Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A. (#02083)
RICHARD D. BERTRAM (#17881)
ALIDA C. HAINKEL (#24114)
LAUREN C. MASTIO (#33077)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8296
Facsimile: (504) 589-8296
crosenblum@joneswalker.com

**Counsel for Taylor Energy Company LLC, Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 5th day of June, 2019, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

*s/ Carl D. Rosenblum*