**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC | CIVIL ACTION NO. |
| | 18-14046 C/W  18-14051 |
| VERSUS | |
| | FILING PERTAINS TO: 18-14046 |
| CAPTAIN KRISTI M. LUTTRELL, | |
| IN HER OFFICIAL CAPACITY AS | SECTION:  D (5) |
| FEDERAL ON-SCENE COORDINATOR | |
| FOR THE MC20 UNIFIED COMMAND, et al. | JUDGE:  WENDY VITTER |

_____

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE
56(d) REQUEST TO CONTINUE SUBMISSION DATE ON U.S. MOTION FOR
SUMMARY JUDGMENT AND FOR DISCOVERY**

The United States of America, for itself and on behalf of defendants The United States

Coast Guard and Captain Kristi M. Luttrell in her official capacity as Federal On-Scene

Coordinator for the MC20 Unified Command (collectively "United States"), by and through

undersigned counsel, hereby respectfully files its Response in opposition to Plaintiff's Motion

under Fed. R. Civ.P. 56(d) to Continue Submission Date on the United States' Motion for

Summary Judgment and For Discovery ("Rule 56(d) motion").

The United States' Motion for Summary Judgment is narrowly premised on the argument

that even if Plaintiff Taylor Energy LLC ("Taylor") prevails on the merits of its complaint, there

is no longer any remedy within the Court's power to grant that could provide Taylor any

meaningful relief.  Taylor knows what remedies it seeks, and needs no discovery to argue that

there is still a meaningful remedy available and to explain how such remedy is within the Court's

power and why it is actually meaningful.  Taylor's Rule 56(d) motion should therefore be

denied.

## I. BACKGROUND

On December 20, 2018, Taylor filed this case, as well as a related case against the United States' contractor, Couvillion Group, LLC ("Couvillion"). Taylor's Complaint, styled "Complaint to Vacate Administrative Order and For Other Relief," asserted four claims against the United States. The central matters in controversy in this litigation, and the relief Taylor seeks, relate to the Federal On-Scene Coordinator's Administrative Order 19-001 ("Order 19-001") issued to Taylor Energy on October 23, 2018.  Rec. Doc 1-3 (Exhibit B to Taylor's complaint). Order 19-001 ordered Taylor Energy to "institute a containment system to capture, contain, and remove oil" from the location of the former MC20 Facility site.[1]  Taylor seeks judicial review of the Order under the Administrative Procedure Act, 5 U.S.C. § 706, and requests injunctive and declaratory as well as costs and attorney's fees.

Taylor also seeks review of a notice the Coast Guard subsequently issued regarding its assumption of a portion of the response activities at the site ("Notice of Federal Assumption" or "Notice"), and other unspecified actions allegedly related to Order 19-001.  The United States moved in March 2019 for dismissal of these claims (and all claims seeking anything other than judicial review of Order 19-001 under the Administrative Procedure Act) on jurisdictional grounds.  The Court denied this motion without prejudice to the United States' reasserting the same arguments as grounds for summary judgment after the completion of jurisdictional discovery that the Court permitted in Case No. 14-14051 (the complaint against Couvillion).  *See* Rec. Doc. 61 (Motion for Partial Dismissal); Rec. Doc. 78 at 2 (Order dated April 18, 2019).

---

[1] Order 19-001 told Taylor where to deploy the containment system, the volume of oil to contain (a minimum of 250 barrels per day), and that the "containment system must eliminate the surface sheen and avoid the deficiencies associated with prior containment systems."

On May 24, 2019, the United States filed its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss this lawsuit on the ground that recent factual developments render the case moot.  Rec. Doc. 105.  On June 5, 2019, Taylor filed its Rule 56(d) motion, seeking the Court's authorization to conduct discovery prior to responding to the Motion for Summary Judgment.[2]  Taylor alleges it needs another sixty to ninety days to "conduct discovery to present facts essential to its opposition" to the Motion for Summary Judgment because the relevant facts are supposedly "uniquely known to and controlled by Defendants and their contractors and consultants."  Rec. Doc. 110-1 at 2.

Taylor cannot use Rule 56(d) to obtain additional time for discovery when it fails to demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of facts."  *See Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285-86 (5th Cir. 1985) (rejecting non-movant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment.").  At most, Taylor offers vague assertions that further discovery regarding activities at the MC20 site, including details about the design and installation of the containment system, may contain facts necessary for its opposition to the United States' Motion for Summary Judgment.  Such vague and unsupported assertions are not sufficient, and Taylor's request for sixty to ninety days of time to conduct discovery and then respond should therefore be denied.

---

[2] The Parties subsequently agreed to continue the submission date for the United States' Summary Judgment Motion until after the Court resolves Taylor's Rule 56(d) Motion.  *See* Rec. Doc. 116.

## II. LEGAL ARGUMENTS AND AUTHORITIES

### A.   Taylor Energy Has Failed to Show That Discovery is Required to Oppose the Motion for Summary Judgment.

The United States moved for summary judgment on the basis of mootness.  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).  The "mootness inquiry turns on whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ."  *Killian v. Concert Health Plan*, 742 F.3d 651, 661 (7th Cir. 2013) (internal quotation omitted).  Here, as the Motion for Summary Judgment established, Taylor's claims are moot in two respects.  First, the activities required by Order 19-001 are now completed. *Compare* Rec. Doc. No. 1-3 at 1 ("you are ordered to institute a containment system to capture, contain, and remove oil"), *with* Rec. Doc. 105-3 at 1 ("Couvillion has completed installation of the containment system.").  *See also, e.g.*, *Citizens for Appropriate Rural Roads, Inc. v. Foxx*, 14 F. Supp. 3d 1217, 1230–31 (S.D. Ind. 2014), *opinion corrected on denial of reconsideration*, No. 1:11-CV-01031-SEB, 2015 WL 179569 (S.D. Ind. Jan. 14, 2015), *aff'd sub nom. Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068 (7th Cir. 2016).  Vacating Order 19-001 will not change the fact that a containment system has been designed, constructed, and installed.

A second reason for mootness is that not only will the containment system remain in place now that it has been installed, but Taylor's statutory obligations as the responsible party for the oil spill will remain unaltered even if Order 19-001 is vacated.  As detailed previously in the United States' Partial Motion to Dismiss, Taylor has been subject to administrative order requirements as the responsible party at the former MC20 Facility site since 2008.  *See* Rec. Doc.

61-1 at 4-5 (citing earlier-issued administrative orders to Taylor in 2008 and 2012).  Vacating the

most recent administrative order will not change that status quo.

Under Fed. R. Civ. P. 56(d), a party seeking discovery in response to a motion for

summary judgment must show "that, for specified reasons, it cannot present facts essential to

justify its opposition."  Such a party cannot simply rely on vague assertions of the need for

additional discovery, *Union City Barge Line v. Union Carbide*, 823 F.2d 129, 136-37 (5th Cir.

1987), but must state "what other specific evidence it hopes to discover [and] the relevance of

that evidence to its claims."  *Program Eng'g, Inc. v. Triangle Publ'ns, Inc*., 634 F.2d 1188, 1194

(9th Cir. 1980).  Furthermore, a rule 56(d) motion should be denied where the additional

discovery sought goes "only to issues which, for the purposes of granting summary judgment,

were *already* taken as true." *Union City Barge Line*, 823 F.2d at 137 (emphasis in original).

Ultimately, summary judgment is not premature when a claim would not survive judgment even

if the plaintiff could prove all it seeks to discover.  *See Bauer v. Albemarle Corp.*, 169 F.3d 962,

968 (5th Cir. 1999).

The United States' Motion for Summary Judgment presents a simple, not factually

intensive question:  is there a remedy within the Court's power to grant that could provide any

meaningful relief to Taylor?  As the United States argued, a judicial order vacating and setting

aside the Order, the Notice, or some other "action" would not change the fact that the

containment system is now in place. More importantly, at this stage, Taylor faces no credible

threat of any "harm" that would necessitate any available form of redress by the Court.  The

containment system is operational and, if anything, Taylor, as a responsible party under the Oil

Pollution Act and the Clean Water Act, is in a better position now with this installation and

operations in place than when it originally filed its complaint.  Accordingly, this lawsuit no

longer presents a live case or controversy and the Court should issue a summary judgment dismissing the lawsuit as moot.

Taylor did include a supporting affidavit with its Rule 56(d) motion, but that affidavit falls short of showing how the discovery Taylor seeks will create a genuine issue of material fact relevant to the summary judgment motion.  To defeat the mootness argument, Taylor must demonstrate that the court's adjudication of the merits of its challenges would alter the status quo in a way that meaningfully redresses Taylor's asserted harm.  *See Cornucopia Inst. v. United States Dept. of Agric.*, 560 F.3d 673 (7th Cir. 2009) (upholding dismissal of a FOIA case following the government's document production in response to the FOIA request).  At the outset of this litigation, Taylor's asserted interest was in somehow stopping the FOSC from deploying the containment system at MC 20. But now that system is in place, and the Administrative Procedure Act does not empower the Court to order its removal.[3]  Nor would such an order be in the public interest (let alone Taylor Energy's), as the containment system cannot be undone without significant risk of great environmental degradation and financial waste.[4]  Taylor has not identified any other form of relief that is within the Court's power to grant and explained how it would be meaningful.  Absent such a threshold explanation, none of the facts Taylor wants to develop in discovery are "material."

In an attempt to identify "material" facts in dispute, Taylor presents several examples of facts that allegedly require discovery in order for Taylor to oppose the United States' motion.

---

[3] In actions under the Administrative Procedure Act, a reviewing court may only "compel agency action unlawfully withheld or unreasonably delayed" or "hold unlawful and set aside agency action, findings, and conclusions."  5 U.S.C. § 706(1) & (2).

[4] As of May 16, 2019, the containment system had captured over 30,000 gallons of oil that would otherwise have polluted the environment.  Doc. Rec. 105-3 at 1.  The scope of the work required to install the system can be seen in the MC20 Containment System Design.  *Id.* at 3-22.

Rec. Doc. 110-1 at 14-16.  These facts can be grouped in two categories.  First, Material Facts 8 and 9 concern the amount and source of the oil being discharged at the MC20 site and—according to Taylor—are relevant to assessing the basis for Order 19-001.  However, the validity of Order 19-001 (which in any event would be determined based on the administrative record,[5] not discovery) is not at issue in the United States' Motion for Summary Judgment.  Rather, that motion argues that *even if* Taylor could show Order 19-001 is unconstitutional or otherwise defective, vacating the Order now would provide no meaningful relief to Taylor.  Rec. Doc. 105-1 at 10-11; *accord Union City Barge Line*, 823 F.2d at 137 (motion should be denied where the additional discovery sought goes "only to issues which, for the purposes of granting summary judgment, were already taken as true.").

The second category, Material Facts 16-20, concern the operation of the containment system, whether the containment system is "'working in accordance with the design parameters of the Admin. Order,' and whether the 'Admin. Order has been "fully implemented."'  Rec. Doc. 110-1 at 13-14.  Taylor, however, already has in its possession key facts with regard to the containment system.  The Federal On-Scene Coordinator—exercising her statutory authority as delegated from the President[6]—wrote Taylor to tell it that installation of the containment system is complete, enclosing information concerning the containment system's design and installation, and stating "that the system is functioning as designed."  Rec. Doc. 105-3 at 1.  While Taylor may want more information about the containment system, Taylor makes no effort to explain

---

[5] *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971) (review of an agency's decision is to be based on the full administrative record that was before the agency at the time the decision was made).

[6] *See* 33 U.S.C. § 1321(d); 40 C.F.R. § 300.100.

how such discovery would be relevant to whether any meaningful judicial relief remains available to Taylor.

In sum, Taylor's Rule 56(d) motion and supporting materials fail to demonstrate how the documentation or information Taylor seeks that would enable it to demonstrate that further litigation may lead to meaningful relief.   Most important, Taylor has not explained how any discovery is required to show that Taylor has suffered an injury that is "redressable by a favorable ruling" now that the containment system is installed.  *Clapper v. Amnesty Int'l USA*, 569 U.S. 398, 409 (2013).  In its Complaint, Taylor prayed that this Court would vacate Order 19-001, the Notice of Federal Assumption, and the selection of Couvillon to install the containment system.  Doc. Rec. 1 at 52.  Opposing the United States' Motion for Summary Judgment simply requires Taylor to explain what injury vacating those actions would remedy *today* given that the containment system has already been installed. Taylor surely has adequate information about its own desired remedy, and the legal basis for it, to present such an argument.

**B. Discovery Taylor May Obtain From Couvillion is Not Relevant to the United States' Motion for Summary Judgment.**

Taylor also argues that the United States' Motion for Summary Judgment is premature and that the limited jurisdictional discovery the Court authorized Taylor to obtain from Couvillion might "have resulted in Taylor Energy's ability" to oppose the Motion.  Rec. Doc. 110-1 at 10.  This jurisdictional discovery is extremely limited in scope, however, as the Court permitted discovery only on the following topics:

1) Whether Couvillion's work, that is the subject of Taylor Energy's Complaint, was performed pursuant to the federal authorization, direction, and control of the government;

2) Whether Couvillion exceeded the scope of that authority; and

3) Whether Couvillion's activities at the MC20 Site are "imminent".

8

Rec. Doc. 108 at 9.  Taylor makes no attempt to explain how any of these topics relate to the United States' Motion for Summary Judgment.  In addition, this discovery appears unnecessary now that the Federal On-Scene Coordinator has clearly stated that she directed Couvillion "to install a containment system at the MC-20 site"; that the work "was overseen by Coast Guard personnel acting as my representative assisted by personnel from other government agencies"; and "that Couvillion installed the system as I directed and consistent with the National Contingency Plan." Rec. Doc. 105-3 at 1.  Taylor therefore fails to show that any discovery it may obtain from Couvillion is necessary to oppose the United States' motion.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Rule 56(d) Motion, set a new submission date for the United States' Motion for Summary Judgment, and allow that motion to be fully briefed and decided without ordering discovery.

In New Orleans, Louisiana, this 17th day of June, 2019.

Respectfully submitted,

_/s/  Brian H. Lynk_____
BRIAN H. LYNK (DC Bar. No. 459525)
 Trial Attorney
 Environmental Defense Section
 United States Department of Justice
 P.O. Box 7611
 Washington, DC 20044
 Street address:  601 D Street, NW, Suite
 8000, Washington, DC  20004
 Telephone: (202) 514-6187
 brian.lynk@usdoj.gov

*Of counsel:*
BRIAN JUDGE
   *Chief, Office of Claims and Litigation*
   United States Coast Guard
   Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of June, 2019, I filed the foregoing on counsel of record via the Court's ECF system.

/s/ *Brian H. Lynk* _____