UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAYLOR ENERGY COMPANY LLC, | * | CIVIL ACTION NO.:  2:18-CV-14046 c/w |
| Plaintiff | | 2:18-CV-14051 |
| Versus | * | |
| | | JUDGE: GREG G. GUIDRY |
| CAPTAIN KRISTI M. LUTTRELL, | * | |
| IN HER OFFICIAL CAPACITY AS | | MAG. JUDGE MICHAEL NORTH |
| FEDERAL ON-SCENE COORDINATOR | * | |
| FOR THE MC20 UNIFIED COMMAND, | | REFERS TO: ALL CASES |
| and THE UNITED STATES OF AMERICA, | * | |
| ACTING BY AND THROUGH THE | | |
| UNITED STATES COAST GUARD, | * | |
| Defendant | | |

MEMORANDUM IN SUPPORT OF MOTION TO QUASH
SUBPOENAS *DUCES TECUM* ISSUED TO SIXTEEN SUBCONTRACTORS
OR VENDORS OF COUVILLION GROUP, LLC AND FOR DISCOVERY SANCTIONS

**MAY IT PLEASE THE COURT:**

Couvillion Group, LLC ("Couvillion") respectfully moves this Honorable Court for entry of an Order quashing sixteen subpoenas *duces tecum* issued by Plaintiff, Taylor Energy Company, LLC ("Taylor Energy"), to the contractors and/or vendors involved in the successful oil/gas containment system designed, built and installed by the Couvillion team at Taylor Energy's former production site on the Outer Continental Shelf known as "Mississippi Canyon 20" or "MC-20." Couvillion also seeks discovery sanctions pursuant to Federal Rule of Civil Procedure 37 for Taylor Energy's direct violation of the court orders issued by Judge Lemelle as well as Your Honor.

As more fully set forth herein, this case remains in the limited jurisdictional discovery phase accorded Taylor Energy by Judge Lemelle.  The fact that a Scheduling Order has been issued in this matter by Judge Guidry does not operate to vacate the ongoing limited jurisdictional discovery ordered by Judge Lemelle.  This limited discovery was allowed to proceed – at the request of Taylor Energy – for the sole purpose of developing those facts necessary to determine whether Taylor Energy can establish that subject matter jurisdiction exists, and not to permit expedited

discovery of the underlying claims and defenses.  Judge Lemelle's limited jurisdictional discovery order allowed ***only*** for written discovery to Couvillion, and the corporate deposition of Couvillion, if necessary.  Judge Lemelle did not allow for the issuance of sixteen subpoenas to third parties. Moreover, Your Honor, on October 16, 2019, at the hearing on Couvillion's Motion for Protective Order, confirmed that the parties are still operating under limited jurisdictional discovery.  In fact, Your Honor noted that he was not going to allow the parties "to cross the paths" on merits discovery and jurisdictional discovery.

Blatantly disregarding Your Honor, that same day, on October 16, 2019, Couvillion, through undersigned counsel, was served by Taylor Energy with "Notices of Subpoena *Duces Tecum*" informing Couvillion that sixteen subpoenas had been issued to various contractors and vendors of Couvillion.   As detailed herein, these subpoenas directly violate the limited jurisdictional discovery phase established by the Honorable Lemelle in his Order entered on May 31, 2019 (Rec. Doc. 108).   Further, the subpoenas request Couvillion's contractors produce their entire file regarding their work with Couvillion and/or the Coast Guard at the MC-20 Site.  These requests clearly fall outside the scope of the limited jurisdictional discovery ordered by Judge Lemelle.

Moreover, these subpoenas *duces tecum* are in direct violation of Your Honor's August 7, 2019 Order (Rec. Doc. 132).   Specifically, the sixteen subpoenas *duces tecum* request all communications between Couvillion and its subcontractors regarding the MC-20 Site.  Your Honor specifically ruled on August 7, 2019 that communications between Couvillion and its contractors sought in written discovery devices issued by Taylor Energy to Couvillion were beyond the scope of the limited jurisdictional discovery set by Judge Lemelle.  The issuance of the subpoenas *duces tecum* is a direct affront to this Honorable Court's August 7, 2019 Order and amounts to an effort to do an "end run" around that Order by seeking from third-parties discovery which this Court specifically held was not presently discoverable from Couvillion itself.  These subpoenas amount to a direct violation of both Judge Lemelle's May 31, 2019 Order (Doc. 108) as well as this

Honorable Court's August 7, 2019 Order (Rec. Doc. 132). Allowing Taylor Energy's subpoenas to stand would completely moot Judge Lemelle's Order.

Additionally, the subpoenas constitute an "end run" around this Court's ruling in respect of Couvillion's Motion for Protective Order. While the fine points of the Protective Order are being worked out by the parties (as directed by this Honorable Court), this Court directed that certain engineering and design data be viewed by the attorneys in this case ONLY. The issuance of sixteen subpoenas *duces tecum* to subcontractors and vendors – which were signed on the same day as the hearing on the Motion for Protective Order – is a cynical, bad faith maneuver to circumnavigate this Court's ruling that the engineering and design work was to be safeguarded and reviewed only by the attorneys.

Lastly, the sixteen subpoenas are overly broad, unduly burdensome and harassing. If allowed to stand, the subpoenas will require third parties to undertake numerous hours of record review, and incur an inordinate amount of expense. Specifically, these third parties will have to go through the same exercise as Couvillion to respond to and protect confidential information. Further, these subpoenas have caused and will continue to cause substantial burden on Couvillion to now have to work with these third-party contractors to prepare protective order motions for any contractor in possession of the sensitive and proprietary information, which was the subject of Couvillion's Motion for Protective Order.

These sixteen subpoenas are another example of Taylor Energy's abuse of the discovery process and continued effort to suffocate a local contractor in litigation. Accordingly, Couvillion respectfully moves this Honorable Court for entry of an Order quashing the sixteen referenced subpoenas, and for discovery sanctions for Taylor Energy's blatant disregard for the Court's orders.

3

I.     **BACKGROUND**

On October 16, 2019, a hearing was conducted before this Honorable Court on Couvillion's Motion for Protective Order.  Detailed discussions were had by the parties and this Honorable Court about the ongoing discovery process leading up to the anticipated November 1, 2019 corporate deposition of Couvillion.  Your Honor specifically advised that the parties were still in the limited jurisdictional discovery.  In fact, Your Honor noted that "we are not going to cross the paths on merits discovery and jurisdictional discovery."

Although no mention was made by Taylor Energy, on that same day, Taylor Energy signed sixteen subpoenas *duces tecum* to various contractors and vendors involved in assisting Couvillion in the design, construction and installation of a rapid response containment system at the MC-20 site.  Specifically, on October 16, 2019, Couvillion, through undersigned counsel, was forwarded with "Notices of Subpoena *Duces Tecum*" indicating that sixteen subpoenas *duces tecum* had been issued to various contractors and vendors of Couvillion.[1]   The sixteen contractors are as follows:

1.  Oceaneering International, Inc.;
2.  Verified Engineering, LLC;
3.  Dr. Kevin Kennelley;
4.  Kennelley & Associates, LLC;
5.  New Industries, LLC;
6.  Gulf Island Fabrication, Inc.;
7.  Buck Kreihs Marine Repair, LLC;
8.  Nolan Guidry's Welding Works, Inc.;
9.  Core Laboratories, LP;
10. Skyline Steel, LLC;
11. Halford Coating, LLC;
12. Team Services, LLC;
13. Mark J. Shephard, Captain USCG;
14. Ready Containment, LLC;
15. D&D Weld/Fab, Inc.; and
16. Cypress Fluid Technologies, LLC.[2]

---

[1] *See* Email from Taylor Energy attaching the Notices of Subpoena *Duces Tecum*, dated October 16, 2019, as well as the Subpoena *Duces Tecum*, attached hereto *in globo*, as Exhibit "A."
[2] *See* Exhibit A.

Further, the subpoenas *duces tecum* command that the contractors produce the following documents, electronically stored information, or objects and permit their inspection, copying, testing, or sampling of the material:

    a. Your project file in connection with any work or services performed on behalf of Couvillion and/or the Coast Guard related to MC20 or the MC20 Site from August 1, 2018 through present.

    b. All documents related to any work or services that [the contractor] performed or is performing on behalf of Couvillion and/or the Coast Guard related to MC20 or the MC20 Site from August 1, 2018 through present, including, but not limited to, the design of the dome and porch in connection with the containment system installed at the MC20 Site.

    c. All documents to and from Couvillion related to the MC20 or the MC20 Site from August 1, 2018 through present.

    d. All documents to and from the Coast Guard related to MC20 or the MC20 Site from August 1, 2018 through present.

To date, at least two contractors have since notified Couvillion expressing concern over their respective obligations to respond to these overly burdensome and harassing subpoenas.

On October 22, 2019, Couvillion, through undersigned counsel, held a discovery conference with counsel for Taylor Energy in an attempt to resolve this issue. Specifically, Couvillion requested that Taylor Energy's counsel withdraw its subpoenas until after the jurisdictional discovery phase is over. Couvillion recommended that the parties come up with a timeline they anticipate that jurisdictional discovery would be over. However, Couvillion's efforts to resolve this dispute were to no avail.

## II.   **LAW AND ARGUMENT**

This Court has authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[3] Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the

---

[3] *See* Fed. R. Civ. P. 26(c).

subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[4]  On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden.[5]  The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome.[6]  It is clear that discovery under Federal law is not to be used as a "**fishing expedition**."[7]  Further, Federal Rule of Civil Procedure 37, empowers the Courts to impose sanctions for a party's failure to obey discovery orders.[8]

### A. Judge Lemelle's May 31, 2019 Order Established a "Limited Jurisdictional Discovery" Framework which Presently Controls this Litigation

As previously detailed exhaustively by the parties to this Honorable Court, in the early stages of this litigation, Taylor Energy sought to establish an aggressive and detailed litigation schedule over the objection of Couvillion.  At the early stages of the litigation, Taylor Energy sought discovery into fourteen areas of inquiry and requested as many as 20 depositions. Couvillion opposed that schedule as overly broad and lacking any boundaries, particularly in view of pending Rule 12 Motions and, in particular, the contention that Couvillion was immune from suit as a governmental contractor hired to address Taylor Energy's environmental calamity and therefore entitled to dismissal of these proceedings.  Noting that "***Couvillion correctly argues that Plaintiff's proposed discovery seeks to bury a local contractor in litigation***" the District Court limited the scope of discovery in this case to the following three areas:

      1.  Whether Couvillion's work, that is the subject of Taylor Energy's Complaint, was performed pursuant to the authorization, direction, and control of the federal government;

      2.  Whether Couvillion acceded the scope of that authority;

      3.  Whether Couvillion's activities at the MC-20 Site are

---

[4] Fed.R.Civ.P. 45(d)(1).
[5] Fed.R.Civ.P. 45(d)(3)(A)(iii)-(iv).
[6] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004).
[7] *See Petch v. Humble*, 41, 301 (La. App. 2nd Cir. 8/23/06); 939 So. 2d 499, 506. (Emphasis added).
[8] *See* Fed. R. Civ. P. 37.

"imminent."[9]

There can be no doubt that the limited jurisdictional discovery phase contemplated by Judge Lemelle did not include obtaining documents from third parties.  Judge Lemelle ordered that "[p]laintiff shall propounded written discovery requests *to defendant Couvillion*, limited to only those areas identified by the Court in this Order…."[10]  The limited jurisdictional discovery framework was meant to address the concern noted expressly by Judge Lemelle – that Taylor Energy was attempting to use the discovery system to "bury" Couvillion.  His limitations were meant to allow limited discovery, as requested by Taylor Energy, before addressing the dispositive defenses asserted by Couvillion in pending Rule 12 Motions (including, *inter alia*, the defense of governmental immunity).  As Your Honor noted, "we are not going to cross the paths on merits discovery and jurisdictional discovery."  As such, the issuance of the subpoenas *duces tecum* directly violate that Order.

### B.  Magistrate North's August 7, 2019 Order Disallowed Discovery of Couvillion's Communications With Contractors

Following the hearing on Taylor Energy's Motion to Compel, this Honorable Court issued an Order, dated August 7, 2019, specifically identifying which areas of discovery Couvillion was to supplement and which areas were outside the scope of Judge Lemelle's limited discovery order.[11]  In addressing Couvillion's objection to producing communications between Couvillion and subcontractors/vendors, Your Honor specifically denied Taylor Energy's Motion to Compel production of those communications.  Notably, Your Honor ordered that Couvillion was ***NOT*** required to produce the following documents:

1. Written communications to and from Couvillion and any other contractors, subcontractors, and suppliers regarding the Work performed, planned to be performed, or proposed to be performed at the MC20 Site for the Coast Guard;

---

[9] *See* Rec. Doc. 108, p. 8.
[10] *See* Rec. Doc. 108, p. 10.
[11] See Rec. Doc. 132.

2.  Notes and other writings reflecting all communications to and from any other contractors, subcontractors, and suppliers regarding the Work performed, planned to be performed, or proposed to be performed at the MC20 Site for the Coast Guard;

3.  Proposals made by Couvillion or Couvillion's subcontractors related to MC 20; and

4.  Contracts and all documents related thereto between Couvillion and Wildwell Control and MV/NRC Energy.

These are the exact same documents that are being requested by Taylor Energy in the subpoenas *duces tecum* issued to Couvillion's subcontractors and vendors. For example, the subpoenas request the subcontractor's entire file in connection with any work or services performed on behalf of Couvillion and/or the Coast Guard related to the MC-20 Site, as well as all documents to and from Couvillion related to MC-20 or the MC-20 Site. These requests seek responses to inquiries far more expansive than the three areas demarcated by Judge Lemelle, and are in direct violation of Your Honor's August 7, 2019 Order.

## C.  The Protective Order is Intended to Shield Confidential Engineering Information from Discovery

During the October 16, 2019 hearing before this Honorable Court, the arguments centered around whether Couvillion was entitled to protect from discovery certain sensitive engineering materials, confidential business information, etc. While the Court and the parties at that hearing discussed a framework for protecting Couvillion from having to produce certain information other than at a repository where information could be made available for review "for attorneys eyes only," Taylor Energy signed sixteen subpoenas to be issued to vendors and contractors seeking the same sensitive information which was the discussion between the Court and parties at the hearing on the Motion for Protective Order. This is a captious, bad faith litigation tactic. It has caused and will continue to cause substantial burden on Couvillion to now have to work with the contractors to prepare protective order motions for any contractor in possession of the same sensitive information which was the subject of the October 16, 2019 hearing. This is an outrageous litigation ploy.

**D.** **The Subpoena *Duces Tecum* are Overly Broad, Unduly Burdensome and Amount to Nothing More than a Fishing Expedition**

Lastly, the subpoenas are vague, overly broad, oppressive and impose an undue burden on a non-party, in direct violation of the Federal Rules of Civil Procedure. If allowed to stand, these non-party subcontractors and vendors of Couvillion will incur an inordinate amount of expense, as Couvillion did in protecting its confidential information. Further, the subpoenas are nothing more than unfettered fishing expedition designed to harass Couvillion. Specifically, Taylor Energy's issuance of subpoenas to all of Couvillion's contractors and vendors may affect Couvillion's business relations with these companies moving forward. Accordingly, Couvillion respectfully requests that this Court enter an Order quashing the sixteen subpoenas *duces tecum* issued by Taylor Energy and issue discovery sanctions for Taylor Energy's blatant disregard of both Judge Lemelle's Order and Your Honor's Orders.

**WHEREFORE**, Defendant, Couvillion Group, LLC respectfully request its Motion to Quash the subpoena *duces tecum* issued by Taylor Energy to sixteen subcontractors or vendors of Couvillion and for discovery sanctions be granted.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Lauren A. Guichard*
**PATRICK J. McSHANE (#19055)**
**DANICA BENBOW DENNY (#27376)**
**KATHLEEN P. RICE (#31291)**
**LAUREN A. GUICHARD (#35800)**
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504)599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
ddenny@frilot.com
krice@frilot.com
lguichard@frilot.com
**Counsel for Defendant,**
**Couvillion Group, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel via the Court's ECF filing system this 23rd day of October, 2019.

*/s/ Lauren A. Guichard*