# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR ENERGY COMPANY LLC,**<br><br>    Plaintiff,<br><br>VERSUS<br><br>**CAPTAIN KRISTI M. LUTTRELL, IN HER OFFICIAL CAPACITY AS FEDERAL ON-SCENE COORDINATOR FOR THE MC20 UNIFIED COMMAND, and THE UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES COAST GUARD,**<br><br>    Defendants | **CIVIL ACTION**<br><br>NO.:  18-14046 c/w<br>         18-14051<br><br>Refers to:  ALL CASES<br><br>SECTION:   T(5)<br><br>JUDGE:        GUIDRY<br><br>MAGISTRATE:   NORTH |

## MEMORANDUM IN OPPOSITION TO
## COUVILLION GROUP, LLC'S MOTION FOR EXPEDITED HEARING

This memorandum is submitted on behalf of Plaintiff Taylor Energy Company LLC ("Taylor Energy") in opposition to the Motion for Expedited Hearing filed yesterday by Defendant Couvillion Group, LLC ("Couvillion") (Rec. Doc. 168) in connection with its Motion to Quash (Rec. Doc. 167).

This matter should be set for a regular motion hearing because nothing is urgent here. Couvillion is creating a crisis where none exists. Because Judge Guidry issued a Scheduling Order for merits discovery in September (Rec. Doc. 145), Taylor Energy notified Couvillion more than a week ago that it planned to pursue third party merits discovery, including the issuance of subpoenas. Additionally, Taylor Energy served Couvillion with actual copies of the subpoenas *more than a week ago* by email, *before* it started to serve any third parties, so that Couvillion could review them. Yet, Couvillion waited a week (on Tuesday of this week) to tell Taylor Energy that

{N3907204.1}

it had any objection to the subpoenas, and when it did so, Taylor Energy immediately offered to alleviate any concerns by (1) extending the return dates on the subpoenas (currently November 18, 2019) and (2) working with Couvillion on any confidentiality issues. None of this is mentioned in Couvillion's filings, yet Couvillion accuses Taylor Energy of "bad faith."

Taylor Energy also notified Couvillion that its counsel would be unavailable on Friday of this week to address this matter on an expedited basis because of personal issues. Nonetheless, Couvillion still seeks expedited review that serves no purpose other than to prejudice Taylor Energy.

As a result, Couvillion's request for expedited review should be rejected for any of the reasons below:

1. **<u>Couvillion took more than a week to register an objection to the subpoenas</u>** – Couvillion took its time deciding whether to object to the subpoenas, but now it wants to force Taylor Energy to address the issues on an expedited basis. That is not right. Couvillion was well aware that Taylor Energy intended to pursue merits discovery (including as to third parties) inasmuch as Judge Guidry had opened merits discovery with the September 11, 2019 Scheduling Order (setting a merits discovery deadline for April 27, 2020 and trial commencing July 6, 2020). Rec. Doc. 145. Additionally, Taylor Energy provided a formal Notice of Subpoenas Duces Tecum and actual copies of the subpoenas at issue to Couvillion's counsel by e-mail on October 16, 2019, as required by Fed. R. Civ. P. 45, *before* serving the subpoenas. Taylor Energy heard no objections whatsoever from Couvillion about the subpoenas until Tuesday (October 22, 2019), and Couvillion's Motion to Quash was not filed until yesterday.

2. **<u>Couvillion is not prejudiced by a regular motion setting</u>** – As soon as Couvillion finally contacted Taylor Energy to express concern about the subpoenas, Taylor Energy offered to

cooperate. Taylor Energy offered to extend the November 18, 2019 return dates on the subpoenas and Taylor Energy offered to work with Couvillion on any confidentiality concerns, and those offers still stand. Couvillion inexplicably refused. Yet, there is no substantive difference between the remedy offered by Taylor Energy (extending the return dates for the subpoenas) with the relief Couvillion ultimately seeks in its Motion to Quash (withdrawal of the subpoenas).

3. **Taylor Energy is prejudiced by an expedited hearing** – Clearly Taylor Energy is prejudiced by having to drop everything and address an issue that Couvillion has been sitting on for more than a week. Moreover, Taylor Energy informed Couvillion that Taylor Energy's primary counsel on these issues was unavailable on Friday of this week due to personal issues. Couvillion's response was basically that that is Taylor Energy's problem.

4. **Taylor Energy is not trying to get around this Court's orders regarding confidential documents** – Couvillion's suggestion that Taylor Energy is somehow attempting to get around this Court's orders regarding the handling of Couvillion's confidential documents is unworthy.[1] As Couvillion knows, the subpoenas issued to the third parties did not target confidential documents. They were standard merits document requests regarding certain entities' work at the MC20 Site. Indeed, *the very reason* for providing notice of the issuance of subpoenas and copies thereof to all counsel of record in advance of serving subpoenas is to put the parties on notice to the extent that they wish to address any issues with respect to the subpoenas. Couvillion was afforded ample time to address any third party agreements it has with subcontractors related to the production of documents, including any issues related to confidential information, in advance of the return dates. Moreover, Taylor Energy does not know the types of documents that

---

[1] The issue before the Court was simply the redactions applied to documents produced by Couvillion in the context of limited jurisdictional discovery; the subpoenas are related to general merits discovery and are very generic requests that are typical in the course of merits discovery.

these entities would have, but Couvillion does. As Taylor Energy has already informed Couvillion, Taylor Energy is more than willing to handle any confidential information in a manner consistent with this Court's prior orders. But again, these are nothing more than standard requests for documents to third parties.

5. **The subpoenas are not a "violation" of Judge Lemelle's order regarding jurisdictional discovery, but rather are in response to Judge Guidry's subsequent Scheduling Order authorizing merits discovery** – Couvillion's repeated statements that the subpoenas are a "violation" of Judge Lemelle's orders authorizing jurisdictional discovery are wrong. Judge Lemelle's orders (Rec. Doc. 78, 108) allowing jurisdictional discovery did not address, much less limit or stay, merits discovery at all. Indeed, merits discovery was premature at that time because the parties had not yet held their conference under Fed. R. Civ. P. 26(f). That conference was subsequently held and Judge Guidry has entered a merits based Scheduling Order. Rec. Doc. 145. The subpoenas to which Couvillion objects were issued in response to Judge Guidry's merits Scheduling Order. The parties have a discovery cutoff and a trial date. The parties must proceed with merits discovery to prepare for trial.

6. **Taylor Energy requests that Couvillion's Motion to Quash be set for submission on November 6 when a similar issue is already set** – The basic issue raised in Couvillion's Motion to Quash is whether the parties are authorized to proceed with merits discovery. That issue is already the front and center issue in another motion already set before the Court on November 6, 2019 – that is, Taylor Energy's Motion to Compel. Rec. Doc. 162. Accordingly, not only is it logical from an efficiency standpoint to have the Motion to Quash and the Motion to Compel heard simultaneously, but it is only fair that the issue of merits discovery

be fully briefed by all parties and that the issue be given due consideration rather than attempting to short circuit the issue unnecessarily.

Respectfully submitted,

*s/ Carl D. Rosenblum*
CARL D. ROSENBLUM, T.A. (#02083)
THOMAS A. CASEY, JR. (#01291)
RICHARD D. BERTRAM (#17881)
ALIDA C. HAINKEL (#24114)
LAUREN C. MASTIO (#33077)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8296
crosenblum@joneswalker.com
**Counsel for Taylor Energy Company LLC, Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 24th day of October, 2019 a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

*s/ Carl D. Rosenblum*