# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAYLOR ENERGY COMPANY LLC,** | * | **CIVIL ACTION NO.:** 2:18-CV-14046 c/w |
| Plaintiff | | 2:18-CV-14051 |
| Versus | * | |
| | | **JUDGE: GREG G. GUIDRY** |
| **CAPTAIN KRISTI M. LUTTRELL,** | * | |
| **IN HER OFFICIAL CAPACITY AS** | | **MAG. JUDGE MICHAEL NORTH** |
| **FEDERAL ON-SCENE COORDINATOR** | * | |
| **FOR THE MC20 UNIFIED COMMAND,** | | **REFERS TO: 18-14051** |
| **and THE UNITED STATES OF AMERICA,** | * | |
| **ACTING BY AND THROUGH THE** | | |
| **UNITED STATES COAST GUARD,** | * | |
| Defendant | | |

## MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Couvillion Group, LLC ("Couvillion"), who respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 56, for an Order dismissing all claims asserted against Couvillion by Plaintiff, Taylor Energy Company LLC ("Taylor Energy"). Taylor Energy's claims against Couvillion are barred, as Couvillion is entitled to immunity as a contractor retained by and providing services to the federal government. Our Courts consistently recognize and enforce qualified immunity for government contractors, like Couvillion, charged with responding to environmental disasters to prevent them from becoming victims of potentially crippling litigation.[1] Moreover, as a separate and independent basis for dismissal, Taylor Energy's claims against Couvillion directly conflict with the comprehensive federal response scheme set forth by Congress to respond to oil spills, and as such, Taylor Energy's claims are preempted by federal law.

On February 7, 2019, Couvillion filed a Motion to Dismiss Taylor Energy's Complaint pursuant to Federal Rule of Civil Procedure 12(b).[2] Couvillion cited *four independent and*

---

[1] *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2011 WL 4575696, at *7 (E.D. La. Sept. 30, 2011), as amended (Oct. 4, 2011) (attached for referenced as Exhibit ___).
[2] *See* Rec. Doc. 27.

*separate grounds* supporting an immediate dismissal of Taylor Energy's Complaint.[3] Taylor Energy opposed this motion and requested that it be allowed to conduct jurisdictional discovery.[4] Rejecting Taylor Energy's proposed discovery plan and recognizing that it sought to "bury a local contractor in litigation," Judge Lemelle ordered that limited jurisdictional discovery would be allowed, and upon completion of the same, Couvillion could re-urge its Motion to Dismiss in the context of a summary judgment motion.[5] Specifically, Judge Lemelle limited the scope of the jurisdictional discovery to the following three inquiries: (1) whether Couvillion's work, that is the subject of Taylor Energy's Complaint, was performed pursuant to the authorization, direction and control of the federal government; (2) whether Couvillion exceeded the scope of that authority; and (3) whether Couvillion's activities at the MC20 Site are "imminent."[6]

With the benefit of jurisdictional discovery completed on these three issues, including a document production by Couvillion exceeding 12,700 pages and the seven-hour Couvillion corporate deposition, Couvillion now renews its immunity and preemption arguments via the instant Motion for Summary Judgment. As more fully detailed in the attached Memorandum in Support, the undisputed facts clearly establish that the Federal On Scene Coordinator ("FOSC") Captain Kristi Luttrell and the United States Coast Guard – pursuant to the explicit and mandatory directives of the Clean Water Act ("CWA") and National Contingency Plan ("NCP") – directed the subject response to an oil spill at the MC20 site in the Gulf of Mexico, which has been leaking for over 15 years and for which Taylor Energy has been designated as the Responsible Party under the Oil Pollution Act of 1990 ("OPA"). After considering multiple proposals, including two submitted by Taylor Energy, the FOSC and the United States Coast Guard hired a local Louisiana

---

[3] Those grounds were: (1) Taylor Energy's claims must be dismissed under Rule 12(b)(1) for lack of standing; (2) Taylor Energy's claims must be dismissed pursuant to Rule 12(b)(1) for lack of ripeness; (3) Taylor Energy's claims must be dismissed under Rule 12(b)(6) as preempted by federal law; and (4) Taylor Energy's claims must be dismissed under Rule 12(b)(6) as Couvillion has immunity from all claims asserted in the Complaint.
[4] *See* Rec. Doc. 29.
[5] *See* Rec. Doc. 78 and Rec. Doc. 108, p. 5.
[6] *See* Rec. Doc. 108, p. 8.

small business, Couvillion, as the contractor to fabricate, design and install a containment system at the MC20 site.

At this time, the containment system has been fully installed at the site and is actively collecting oil as designed – a result that Taylor Energy, as the Responsible Party, previously represented to multiple courts and to the public was unattainable.  In fact, since the installation of Couvillion's containment system, almost 300,000 gallons of oil have been collected from the MC20 site.  The profound success of this containment system utterly eviscerates Taylor Energy's representations to this Court and the general public that "there is no recoverable oil at the site."  Moreover, Couvillion's containment effort was implemented without causing the "environmental catastrophe" Taylor Energy predicted.  The project Couvillion was hired by the Coast Guard to accomplish is working, providing a direct and profound benefit to the environment and the Louisiana coastal community.

The FOSC and the United States Coast Guard have confirmed that all of Couvillion's work on the containment system was done at the direction of the FOSC and overseen by Coast Guard personnel acting as representatives of the FOSC.  As a contractor hired by the federal government to respond to an oil spill at the MC20 site, Couvillion is entitled to qualified immunity, and Taylor Energy's claims must be dismissed with prejudice.  Moreover, Taylor Energy's claims must be dismissed with prejudice, as they directly conflict with the comprehensive federal response scheme set forth in the CWA, NCP and OPA, and as such, are preempted by federal law.

**WHEREFORE**, Defendant, Couvillion Group, LLC prays that this Honorable Court grant its Motion for Summary Judgment, dismissing all claims asserted against it by Plaintiff, Taylor Energy Company, LLC, with prejudice.

Respectfully submitted,

**FRILOT L.L.C.**


*/s/ Danica B. Denny*
**PATRICK J. McSHANE (#19055)**
**DANICA BENBOW DENNY (#27376)**
**KATHLEEN P. RICE (#31291)**
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
Telephone: (504)599-8000
Facsimile: (504) 599-8100
E-mail: pmcshane@frilot.com
 ddenny@frilot.com
 krice@frilot.com
**Counsel for Defendant,**
**Couvillion Group, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via U.S. Mail, facsimile and/or e-mail this 28th day of January, 2020.

*/s/ Danica B. Denny*