UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR ENERGY COMPANY LLC,** | **CIVIL ACTION NO.:** 2:18-CV-14046 c/w 2:18-CV-14051 |
| **Plaintiff** | |
| | **JUDGE GREG G. GUIDRY** |
| Versus | |
| **CAPTAIN KRISTI M. LUTTRELL, IN HER OFFICIAL CAPACITY AS FEDERAL ON-SCENE COORDINATOR FOR THE MC20 UNIFIED COMMAND, and THE UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE UNITED STATES COAST GUARD,** | **MAG. JUDGE MICHAEL NORTH** **REFERS TO: 18-14051** |
| **Defendant** | |

### SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE SUBMISSION DATE OF COUVILLION'S MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel comes, Defendant, Couvillion Group, LLC, ("Couvillion"), who respectfully submits this Supplemental Opposition to Plaintiff, Taylor Energy Company LLC's ("Taylor Energy") Motion to Continue Submission Date of Couvillion's Motion for Summary Judgment.

Couvillion submits this memorandum to address three issues raised by Taylor Energy in its Reply Memorandum (Rec. Doc. 203-2). First, Taylor Energy has presented Couvillion's objection to further extending its Motion for Summary Judgment submission date as a lack of accommodation for counsel. This is inaccurate and unfair. Couvillion selected a submission date which provides Taylor Energy with 19 additional days, above and beyond the 8 day minimum requirement under Local Rule 7.5 for the filing of oppositions. Taylor Energy had almost a full month to prepare its opposition to Couvillion's Motion for Summary Judgment. Given this ample and extra time for Taylor Energy to prepare an opposition, Couvillion did not agree to the further extension of its Motion for Summary Judgment submission date. However, Couvillion did indicate,

in its original correspondence to Taylor Energy and in its Opposition (Rec. Doc. 199), that if the Court scheduled this matter for oral argument on a date which presented a conflict for Taylor Energy's counsel, then Couvillion would work to select a mutually agreeable date. In view of these facts, to paint Couvillion or its counsel as unaccommodating is disingenuous, at best.

Second, Taylor Energy maintains inconsistent positions on the timing of Couvillion's Motion for Summary Judgment. On one hand, Taylor Energy argues that Couvillion delayed in bringing its Motion for Summary Judgment for several months (Rec. Doc. 203-2 at p. 3). But, on the other hand, Taylor Energy argues that Couvillion's Motion for Summary Judgment is premature, as it maintains discovery is ongoing. With respect to the argument that Couvillion delayed the filing of its Motion for Summary Judgment, the facts certainly do not support this contention.

Couvillion has produced over 13,127 pages of documents in response to Taylor Energy's requests. Further, in accordance with a Protective Order entered by Judge North, Couvillion presented unredacted documents at Judge North's chambers on January 9, 2020 for review by Taylor Energy and its chosen expert. After this full day of document review, Taylor Energy requested that Couvillion agree to present a selection of documents again for Taylor Energy's further review. As a courtesy, Couvillion agreed and produced these documents for inspection at its counsel's office on January 29, 2020. Six days later, Couvillion filed its Motion for Summary Judgment. As this chronology demonstrates, Couvillion has not delayed in the filing of its Motion for Summary Judgment or refused to extend courtesies to its opponent.

Third, Taylor Energy maintains that its requested extension creates no prejudice for Couvillion, and that Couvillion did not identify any prejudice in its submission to this Court. Again, this is inaccurate. As detailed in Couvillion's Opposition (Rec. Doc 199), Couvillion specifically details the overwhelming expense it has incurred to date and the continued prejudice to Couvillion should its request for relief be delayed. Couvillion specifically indicated:

> *There is no need to further delay Couvillion's Motion for Summary Judgment. The Court is armed with all of the information it needs to decide both the federal preemption issue and qualified immunity issue. The prejudice to Couvillion continues to mount in an action where Taylor Energy has suffered no damages, but instead continues to attack a company that has stepped in to accomplish Taylor Energy's job as the designated Responsible Party under OPA. Taylor Energy's unabashed aim to overwhelm and besiege Couvillion in this litigation with unnecessary discovery should be rejected.*

For the Court's reference and in further support of Couvillion's position that no further discovery is necessary, please find attached Couvillion's Opposition to Taylor Energy's Motion to Enforce Discovery Order and to Compel Production of Documents (Rec. Doc. 200), filed on the same date as Couvillion's Opposition to the instant motion.

In its pending Motion for Summary Judgment, Couvillion prays for dismissal of Taylor Energy's claims against a government contractor that has done nothing more than successfully complete the job its was hired to do by the United States Government. Couvillion further prays that its request for relief within that Motion not be delayed.

Based upon the foregoing, Couvillion respectfully requests this Honorable Court deny Taylor Energy's Motion to Continue Submission Date of Couvillion's Motion for Summary Judgment.

        Respectfully submitted,

        **FRILOT L.L.C.**

        */s/ Danica B. Denny*
        **PATRICK J. McSHANE (#19055)**
        **DANICA BENBOW DENNY (#27376)**
        **KATHLEEN P. RICE (#31291)**
        **PHOEBE A. HATHORN (#35811)**
        3700 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163-3600
        Telephone: (504)599-8000
        Facsimile: (504) 599-8100
        E-mail: pmcshane@frilot.com
               ddenny@frilot.com
               krice@frilot.com
               phathorn@frilot.com
        **Counsel for Defendant,**
        **Couvillion Group, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel via the Court's ECF filing system this 13th day of February, 2020.

                                        */s/ Danica B. Denny*